Louis John BEAN, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 80–1403.

United States Court of Appeals, Seventh Circuit.

Submitted March 17, 1982.

Decided May 27, 1982.

---

684

Louis John Bean, pro se.

Virginia Dill McCarty, U. S. Atty., Indianapolis, Ind., for respondent-appellee.

Before CUMMINGS, Chief Judge, and SPRECHER * and POSNER, Circuit Judges.

POSNER, Circuit Judge.

On May 5, 1975, the appellant, Louis Bean, was arrested following a hot pursuit by a citizen and by police from the scene of a bank robbery. He was found in a van hiding under a pile of furniture covers, dressed in two sets of clothing, and wearing surgical gloves on his hands, one of which was clutching a gun. He told the FBI: "Believe it .or not, this is my first bank robbery." Elijah Caudill and John DeJarnette were arrested for the same offense. Caudill pleaded guilty; DeJarnette was

* Judge Sprecher's untimely death occurred after the conference at which a tentative—and unanimous—vote to affirm the judgment below was

committed to a mental institution; Bean stood trial, was found guilty, and was sentenced to 25 years imprisonment.

This appeal is from the denial of Bean's second motion under 28 U.S.C. § 2255, filed August 3, 1979. It contains just one claim that requires discussion: that he is entitled to a new trial on the ground of newly discovered evidence. Attached to the motion are affidavits from four prison inmates. One, Caudill's, states that the third man in the robbery was not Bean (Caudill also so testified at Bean's trial) but (this is new) Leon Johnson. The second affidavit is Leon Johnson's and states that it was indeed he, not Bean, who joined with Caudill and DeJarnette in the robbery. The other two affidavits are from fellow prisoners of Johnson who say that he told them he was the third man. The district judge found all four affidavits incredible in light of the circumstances of Bean's arrest, and denied the motion.

Rule 33 of the Federal Rules of Criminal Procedure provides that a motion for a new trial on the ground of newly discovered evidence is untimely unless filed within two years of the final judgment. Bean's motion was untimely if treated as a Rule 33 motion, and there is a question whether he can circumvent this limitation by using section 2255, which has no time limits. The question is unsettled. See *Pelegrina v. United States*, 601 F.2d 18, 19 n.2 (1st Cir. 1979), collecting the older authorities; for recent and contrasting views see *Lindhorst v. United States*, 658 F.2d 598 (8th Cir. 1981); *Brach v. United States*, 542 F.2d 4, 8 (2d Cir. 1976); *United States v. Kearney*, 659 F.2d 1203, 1206 (D.C.Cir.1981) (MacKinnon, J., dissenting). It has not been decided in this circuit. *United States v. Robinson*, 585 F.2d 274 (7th Cir. 1978) (*en banc*), considered on the merits as a section 2255 motion an untimely motion for a new trial on the ground of newly discovered evidence, but did not discuss the question—which for all that appears had not been raised—whether it was a proper section 2255 motion.

taken but before he had an opportunity to read and vote on the opinion circulated by Judge Posner.

Since the lack of merit of Bean's motion is so plain, we need not decide the question (it is not one of subject-matter jurisdiction) in this case. But we want to make clear to the district judges in this circuit that it is an open question, to be decided by them in the first instance in an appropriate case. The two-year limitation in Rule 33 serves an important purpose: passage of time facilitates the fabrication of evidence and makes retrials progressively less reliable. More fundamentally, there is a question whether the discovery of new evidence that is unrelated to a federal claim can open a judgment to collateral attack. Section 2255 is, of course, a substitute for habeas corpus, *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979); and a criminal sentence can be attacked in a habeas corpus proceeding only if the sentencing court lacked jurisdiction to impose it or committed a constitutional error that made the sentence or underlying conviction fundamentally unfair, see 442 U.S. at 186, 99 S.Ct. at 2240. We have some difficulty understanding how a sentence could be invalid in this strong sense merely because evidence unknown at the time of trial suggests that the conviction may have been erroneous. This is not a case where the newly discovered evidence is evidence of a constitutional violation or jurisdictional defect. Cf. 28 U.S.C. § 2254(d)(3). Bean's argument is not that the newly discovered evidence in this case shows that there was a constitutional or jurisdictional error at his trial, but that it shows he was innocent. But the Constitution does not guarantee against erroneous conviction. The only pertinent guarantee is that aspect of due process which makes a conviction unconstitutional "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt," *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560 (1979), and Bean is not challenging the inference of guilt from the "record evidence adduced at the trial."

There is thus an argument that to allow a motion for a new trial on the ground of newly discovered evidence to be brought under section 2255 would be to expand *sub silentio* the constitutional guarantees of state prisoners beyond any point to which the Supreme Court has been willing to go. It is not a conclusive argument; there is the counterargument that it would be arbitrary—so arbitrary, perhaps, as to invalidate the sentence—to refuse to consider newly discovered evidence of innocence, no matter how compelling, just because two years and one day had elapsed since the conviction became final. We need not decide which is the stronger argument until a case arises where all of the criteria in Rule 33 for a new trial on the basis of newly discovered evidence, except timeliness, are met, as they are not in this case. But district judges should not infer from cases like *Robinson*, where the appropriateness of using section 2255 to set aside a conviction on the basis of newly discovered evidence was assumed, that the question has been decided by this or a higher court. It has not been.

JUDGMENT AFFIRMED.