838 F.2d 471
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Calvin MACLIN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 87-1502.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1988.
 
 Before LIVELY, Chief Judge, NATHANIEL R. JONES and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner appeals the order of the district court which denied his second 28 U.S.C. Sec. 2255 motion to vacate his four year sentence for possession with intent to distribute cocaine, 21 U.S.C. Sec. 841(a)(1). In this motion, petitioner requested that his sentence be vacated and reentered so that he might have the opportunity to take a direct appeal from his conviction. Petitioner already had been given this opportunity by the district court to take a direct appeal, but failed to do so in a timely fashion allegedly due to a delay in receiving notice of the district court's order. No grounds other than his delay in receiving notice were raised by the petitioner in support of his second motion.
 
 
 3
 Because the petitioner did not challenge his sentence on the basis of its constitutionality, legality, length or the authority of the court to enter the sentence, the district court properly dismissed the petitioner's second 28 U.S.C. Sec. 2255 motion. See United States v. Addonizio, 442 U.S. 178, 186 (1979); Hill v. United States, 368 U.S. 424, 428 (1962); Bean v. United States, 679 F.2d 683, 685 (7th Cir.1982); United States v. Capua, 656 F.2d 1033, 1037 (5th Cir.1981); Grimes v. United States, 607 F.2d 6, 10-11 (2d Cir.1979).
 
 
 4
 Accordingly, the judgment of the district court entered on April 30, 1987, is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.