**Dennis G. EDWARDS, Petitioner,**

v.

**STATE OF KANSAS, Respondent.**

No. 88–3195–S.

United States District Court,
D. Kansas.

Oct. 23, 1990.

Dennis G. Edwards, pro se.

Gregory G. Hough, Asst. Atty. Gen., Topeka, Kan., for the State of Kan.

## ORDER

SAFFELS, District Judge.

This matter is before the court on a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, formerly an inmate at the El Dorado Honor Camp, El Dorado, Kansas, has been released on parole. Petitioner alleges constitutional error in the length of his sentence. The court has previously determined that petitioner has exhausted all available state remedies on the issues raised in this petition.

Petitioner entered a guilty plea and was convicted for selling cocaine, K.S.A. 65–4127a. He was sentenced to a prison term of five to twenty years. Petitioner contends his sentence was too severe. To support this claim, petitioner alleges: (1) the sentence resulted from an abuse of discretion because co-defendants were not as severely punished, (2) denial of a full evidentiary hearing on his 1507 motion, and denial of KBI files on his brother, constituted a violation of his constitutional right to due process, (3) the KBI failed to honor a promise to not endanger or proceed with criminal charges against petitioner and his family, and (4) he was denied effective assistance of counsel.

Petitioner contends, in part, that his attorney assured him that petitioner would be sentenced to a prison term of three to five years, and that based on this assurance, petitioner entered a guilty plea. Petitioner does not challenge his conviction based on an involuntary guilty plea. Petitioner also does not raise a claim under the Eighth Amendment that his sentence was disproportionate to the crime committed, as is *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Instead, petitioner raises a general due process claim that the length of his sentence was not constitutionally fair under the circumstances.

 Petitioner was sentenced to the maximum sentence authorized by statute. It is recognized that the severity of a sentence which has been imposed within statutory limits will not be reviewed by a federal court on habeas corpus. *See e.g. Smith v. Wainwright,* 664 F.2d 1194 (11th Cir.1981). Alleged impropriety in the sentencing process itself, however, is subject to judicial examination. *Id.* To successfully challenge a criminal sentence, a habeas petitioner must show the sentencing court lacked jurisdiction to impose the sentence or the sentencing court committed constitutional error that made the sentence fundamentally unfair. *Bean v. United States,* 679 F.2d 683, 685 (7th Cir.1982). If a sentence is within statutory limits, a habeas corpus petitioner must demonstrate constitutional error operated in the exercise of the sentencing court's discretion. *Haynes v. Butler,* 825 F.2d 921 (5th Cir.1987) *cert. denied* 484 U.S. 1014, 108 S.Ct. 717, 98 L.Ed.2d 667 (1988).

 Having reviewed the record, the court finds petitioner is not entitled to habeas relief. Petitioner has failed to demonstrate constitutional error in the sentencing decision. The fact that other defendants in the same drug offense received lighter sentences is relevant if petitioner challenged his sentence as not being proportional to the crime committed, which he does not do.

 Petitioner was not denied due process guarantees under the Fourteenth Amendment when he did not receive a full evidentiary hearing on his motion for post-conviction relief under K.S.A. 60–1507. Petitioner relies on a promise between his brother and the KBI, an agreement to which petitioner was not a party. Corroborating evidence of such an agreement, either in KBI files or in transcripts of his brother's trial, would be of limited or no legal significance to petitioner's challenge to his sentence at his 1507 hearing.

 Petitioner states he never would have entered a guilty plea if he had been told he would be sentenced to a prison term of five to twenty years. Even if this allegation were true, it does not entitle petitioner to habeas relief. *See e.g. Gilmore v.*

*People of State of California,* 364 F.2d 916, 919 (9th Cir.1966). In the present case, petitioner's attorney certified to the court that no predictions or promises were made to petitioner concerning any sentence the court would award. Petitioner supported his guilty plea with a signed agreement in which he acknowledged the maximum penalty for the offense was a prison term of five to twenty years, and that he understood the court was not bound by the terms of the plea agreement. There is no mention in the plea agreement that petitioner was to receive a sentence of three to ten years. In fact, the minimum sentence available to petitioner under the applicable state statute was a term of three to ten years.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus be dismissed and all relief denied. The clerk of the court is directed to transmit a copy of this order to petitioner and to the office of the Attorney General for the State of Kansas.