UNITED STATES of America, Plaintiff,

v.

**Nunzio DeCARLO, Defendant.**

No. CR–87–760.

United States District Court,
E.D. New York.

March 30, 1994.

murder of Albert Nocha and the extortion and assault of Leon.

By way of brief background, Eric Leon testified to the facts as he knew them surrounding the murder of Albert Nocha. He testified, among other things, that DeCarlo told him soon after the event that he (DeCarlo) shot Nocha. That was the only testimony directly connecting DeCarlo to that murder. Based upon that testimony, the jury found the predicate act of murdering Nocha to have been proven in convicting DeCarlo of that count of the indictment charging him with a violation of 18 U.S.C. § 1962(c) (the RICO count).

Many years later William Meli, one of DeCarlo's co-defendants communicated his desire to cooperate with the government to the United States Attorney. That offer was accepted and during the course of his cooperation Meli told the government that Gregory Scarpa Jr. hold him that he, Scarpa, and not DeCarlo fired the gun that killed Nocha. Meli also said that Scarpa told him too that DeCarlo was present as a member of the "hit team" when Nocha was murdered. Meli's account, like Leon's was not based upon personal observation but upon what he was told by someone else. The information furnished by Meli was revealed to DeCarlo's lawyer by the government. It was that revelation which prompted this motion which is based upon the assumption that either Meli or Leon lied.

Valerie Caproni, Asst. U.S. Atty., Brooklyn, NY, for plaintiff.

Salvatore S. Russo, Brooklyn, NY, for defendant.

### MEMORANDUM AND ORDER

GLASSER, Senior District Judge:

On November 22, 1993 the defendant moved this court for an order which would grant him a new trial or modify his sentence based upon an amended presentence report. His motion is bottomed upon 28 U.S.C. § 2255 and upon his assertion that Eric Leon, a principal witness against the defendant and his co-defendants perjured himself at their trial as to the events surrounding the

### Discussion

If this motion were based on "newly discovered evidence" pursuant to Rule 33, Fed. R.Crim.P., it would be time-barred.

Rule 33, Fed.R.Crim.P., provides, in relevant part as follows:

The court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice.... A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment,.... A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty....

The final judgment of conviction in this case was September 26, 1988, approximately five years before this motion was filed. An appeal affirmed the judgment of conviction on August 23, 1990, more than three years before this motion was filed, 913 F.2d 993. The time period prescribed by the Rule, runs in such case from the date of affirmance by the appellate court. Wright, *Federal Practice and Procedure:* Criminal 2d § 558. In any case the time limitation of the Rule is jurisdictional and would preclude the court from considering this motion were it based upon that ground. Wright, *supra.*

■ Surely recognizing the jurisdictional barrier thus imposed, DeCarlo styles his motion as one brought pursuant to 28 U.S.C. § 2255 which contains no time limitation. The question thus raised is whether the time limitations of Rule 33 may be circumvented by designating a motion induced by "newly discovered evidence" as one brought pursuant to 28 U.S.C. § 2255. In *United States v. Madonna,* 556 F.Supp. 260 (S.D.N.Y.), *aff'd,* 697 F.2d 293 (2d Cir.1982), *cert. denied,* 459 U.S. 1108, 103 S.Ct. 734, 74 L.Ed.2d 957 (1983), following the affirmance of his conviction the defendant moved more than three years later pursuant to § 2255 to vacate and set aside his conviction and sentence. His motion was based, among other grounds, upon his assertion that the government allowed a witness to testify falsely. The court agreed with the government's characterization of the defendant's motion as being actually one for a new trial based upon newly discovered evidence and that such a motion was time barred under Rule 33 and then said at page 266: "By merely designating this a § 2255 motion, the time constraints applicable to a motion based on newly discovered evidence cannot be so readily circumvented. *Brach v. United States,* 542 F.2d 4, 8 (2d Cir.1976). The delay of over three years in making this motion after the material became available is much too long, and the motion *could* be denied on that ground alone." (Emphasis added). The court went on to deny the motion on the ground that even if it were accepted as timely, the evidence the defendant relied upon was not such as would probably lead to an acquittal. The reference to *Brach* was to allude to the un-certainty expressed by the Circuit Court as to "whether § 2255 can be invoked where the issue raised is neither jurisdictional nor constitutional nor one specifically involving interpretation of 'the laws of the United States[,]' " 542 F.2d at 8, an uncertainty the Court said it was not required to resolve. Research has not disclosed a case in which the Court of Appeals for this circuit has, since *Brach,* decided the issue. The answer, however, is clearly no longer in doubt as subsequent judicial history reveals.

The historical evolution of the answer will begin for purposes of this discussion with *Bean v. United States,* 679 F.2d 683 (7th Cir.1982). In that case a motion under § 2255, predicated on facts closely approximating the facts here, was denied by the district court and in affirming the denial, the court wrote as follows:

> Rule 33 of the Federal Rules of Criminal Procedure provides that a motion for a new trial on the ground of newly discovered evidence is untimely unless filed within two years of the final judgment. Bean's motion was untimely if treated as a Rule 33 motion, and there is a question whether he can circumvent this limitation by using section 2255, which has no time limits. The question is unsettled. (Citations omitted). . . .
>
> \* \* \* \* \* \*
>
> . . . [W]e want to make clear to the district judges in this circuit that it is an open question, to be decided by them in the first instance in an appropriate case. The two-year limitation in Rule 33 serves an important purpose: passage of time facilitates the fabrication of evidence and makes retrials progressively less reliable. More fundamentally, there is a question whether the discovery of new evidence that is unrelated to a federal claim can open a judgment to collateral attack. Section 2255 is, of course, a substitute for habeas corpus . . . and a criminal sentence can be attacked in a habeas corpus proceeding only if the sentencing court lacked jurisdiction to impose it or committed a constitutional error that made the sentence or underlying conviction fundamentally unfair. . . .

We have some difficulty understanding how a sentence could be invalid in this strong sense merely because evidence unknown at the time of trial suggests that the conviction may have been erroneous. This is not a case where the newly discovered evidence is evidence of a constitutional violation or jurisdictional defect.... Bean's argument is not that the newly discovered evidence in this case shows that there was a constitutional or jurisdictional error at his trial, but that it shows he was innocent. But the Constitution does not guarantee against erroneous conviction. The only pertinent guarantee is that aspect of due process which makes a conviction unconstitutional "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt," ... and Bean is not challenging the inference of guilt from the "record evidence adduced at trial."

*Id.* at 684–85 (citations omitted).

Approximately ten years later, the same court had before it *Guinan v. United States,* 6 F.3d 468 (7th Cir.1993). The petitioner there moved pursuant to § 2255 to set aside his conviction claiming that newly discovered evidence showed that he was innocent and that his trial counsel was ineffective. In affirming the denial of his motion, the court addressed the "newly discovered evidence" aspect of it as follows:

Rule 33 of the Federal Rules of Criminal Procedure requires that a motion for a new trial based on newly discovered evidence be filed within two years of the final judgment, a term that Guinan exceeded. We do not think that § 2255 can be used to circumvent this limitation. The question, left open in *Bean v. United States,* 679 F.2d 683, 685 (7th Cir.1982) ... has divided the circuits to have addressed it. (Citations omitted).

\* \* \* \* \* \*

*Herrera v. Collins,* —— U.S. ——, —— ——, 113 S.Ct. 853, 860–62, 122 L.Ed.2d 203 (1993), decided after all these cases, lays the issue to rest. The Court held that a refusal to grant a new trial on the basis of newly discovered evidence is not actionable in habeas corpus. Section 2255 is a substitute for habeas corpus and like it is confined to correcting errors that vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude.... A defendant who seeks to have his conviction set aside on the ground of newly discovered evidence is claiming that the conviction was "erroneous" in the layman's sense—it reached the wrong result—but not that the trial judge committed reversible error. A judge can hardly be faulted for having failed to give due weight to evidence that had not been known to exist at the time the defendant was convicted and sentenced. The purpose of granting a new trial on the basis of newly discovered evidence is not to correct a legal error, but to rectify an injustice, and the office of section 2255 is the former, not the latter.... The conviction of an innocent person is an injustice, but it is only when such a conviction results from a legal error that the courts speak of a "miscarriage of justice" that warrants a new trial.... Even then, unless the error is of constitutional magnitude, a federal court does not have the power to correct it in a proceeding brought under the habeas corpus statute (section 2254) or, we add today, its federal-prisoner substitute (section 2255).

*Id.* at 470–71.

■ *Guinan* and *Herrera* are compelling and demand the denial of this motion. Two additional observations, however, are appropriate. First, DeCarlo cannot be heard to claim that Meli's communication to the government is "newly discovered evidence," for he surely knew whether Eric Leon's trial testimony was accurate. Second, he does not claim that the government knew that Eric Leon was testifying falsely, if indeed he was. As has been previously indicated, Leon and Meli were testifying to what they were told by someone else rather than on personal knowledge of the event. DeCarlo does not claim that either was testifying falsely as to what he was told. In any event, because Scarpa told Meli that DeCarlo was part of the "hit team" in attendance when Nocha was murdered, DeCarlo is incapable of making even a colorable showing of factual inno-

cence which would raise the spectre of a fundamental miscarriage of justice. *Herrera,* —— U.S. at ——, 113 S.Ct. at 862.

For the foregoing reasons, the motion is denied.

SO ORDERED.