14 F.3d 605
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff/Appellee,
v.
Mylo B. ELLIS, Defendant/Appellant.
 No. 92-3068.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1993.
Decided Dec. 21, 1993.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 A jury found Mylo Ellis guilty of possession with intent to distribute approximately one kilogram of cocaine in violation of 21 U.S.C. Sec. 841(a)(1). The district court sentenced Ellis to sixty-three months' incarceration. His appointed counsel filed a motion to withdraw and a supporting Anders brief explaining why he believes any appeal would be frivolous. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Pursuant to Circuit Rule 51(a) we informed Ellis of his right to respond to the motion and he responded.
 
 
 2
 Counsel contends that the government met its burden of presenting sufficient evidence that would enable a rational trier of fact to find the essential elements of the charged crime beyond a reasonable doubt. He also asserts that the trial court made no evidentiary errors and properly sentenced Ellis. We agree.
 
 
 3
 In response to the Anders brief, Ellis raises several additional claims. He particularly alleges numerous errors made by his lawyer; he claims his lawyer failed to file pre-trial motions pursuant to Rule 12 of the Federal Rules of Criminal Procedure and failed to preserve trial errors for appeal. We hesitate to determine the effectiveness of counsel on direct appeal because the record is insufficient for us to review Ellis' claims regarding his trial counsel at this stage. Guinan v. United States, 6 F.3d 468 (7th Cir 1993); United States v. Taglia, 922 F.2d 413 (7th Cir.), cert. denied, 111 S.Ct. 2040 (1991).
 
 
 4
 Ellis discusses other claims in his response that he argues should have been raised on appeal. Ellis urgues us to consider "speedy trial violations." Although his trial did not commence until more than seventy days after the indictment, the record indicates that the time under the Speedy Trial Act was tolled by stipulation of the parties. We do not expect Ellis' counsel to raise claims concerning a violation of the Speedy Trial Act after requesting and agreeing to continuances. We also note briefly that the record does not disclose evidence of Eighth Amendment violations or the improper admission of evidence which should have been suppressed. Furthermore, Ellis cannot claim that he was deprived of a jury instruction regarding his choice not to testify because the court gave his requested instruction.
 
 
 5
 We have examined the record and have found no nonfrivolous issues that could be raised on appeal. Counsel's motion to withdraw is GRANTED, Ellis' motion for substitution is DENIED, and the appeal is DISMISSED.