Michael J. GUINAN, Petitioner–
Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 92–2832.

United States Court of Appeals,
Seventh Circuit.

Submitted July 15, 1993.

Decided Sept. 30, 1993.

§ 351 with respect to veterans' disability payments.

Michael J. Guinan, pro se.

Barry R. Elden, Asst. U.S. Atty., Crim. Receiving, Appellate Div., Chicago, IL, for U.S.

Before POSNER, Chief Judge, and FLAUM and EASTERBROOK, Circuit Judges.

POSNER, Chief Judge.

The district court denied Michael Guinan's motion to set aside his convictions for filing false tax returns. The motion, filed under 28 U.S.C. § 2255, claimed that newly discovered evidence showed that Guinan was innocent and that his counsel at his criminal trial had been ineffective. There are other claims as well, but they plainly lack merit and so need not be discussed.

1. Rule 33 of the Federal Rules of Criminal Procedure requires that a motion for a new trial based on newly discovered evidence be filed within two years of the final judgment, a term that Guinan exceeded. We do not think that section 2255 can be used to circumvent this limitation. The question, left open in *Bean v. United States*, 679 F.2d 683, 685 (7th Cir.1982) (though with a broad hint, which today we promote to a holding, that section 2255 cannot be so used), has divided the circuits to have addressed it. Compare *United States v. Spector*, 888 F.2d 583, 585 (8th Cir.1989) (per curiam), and *United States v. Stotts*, 870 F.2d 288, 291 (5th Cir. 1989) (per curiam), with *Bentley v. United States*, 701 F.2d 897, 898 (11th Cir.1983) (per curiam). In *English v. United States*, 998 F.2d 609 (8th Cir.1993), the court considered such a motion on the merits, but did not address the jurisdictional question; for that matter, *Bentley,* too, assumes rather than discusses jurisdiction. Other cases are discussed in *Pelegrina v. United States*, 601 F.2d 18, 19 n. 2 (1st Cir.1979), and *Baumann v. United States*, 692 F.2d 565, 579 (9th Cir.1982), but both duck the issue.

*Herrera v. Collins*, —— U.S. ——, ——, 113 S.Ct. 853, 860–62, 122 L.Ed.2d 203 (1993), decided after all these cases, lays the issue to rest. The Court held that a refusal to grant a new trial on the basis of newly discovered evidence is not actionable in habeas corpus. Section 2255 is a substitute for habeas corpus and like it is confined to correcting errors that vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude. *Scott v. United States*, 997 F.2d 340 (7th Cir.1993); *Johnson v. United States*, 805 F.2d 1284, 1287 (7th Cir. 1986). A defendant who seeks to have his conviction set aside on the ground of newly discovered evidence is claiming that the conviction was "erroneous" in the layman's sense—it reached the wrong result—but not that the trial judge committed reversible error. A judge can hardly be faulted for having failed to give due weight to evidence that had not been known to exist at the time the defendant was convicted and sentenced. The purpose of granting a new trial on the basis of newly discovered evidence is not to correct a legal error, but to rectify an injustice, and the office of section 2255 is the former, not the latter. *Richardson v. Gramley*, 998 F.2d 463, 464 (7th Cir.1993). The conviction of an innocent person is an injustice, but it is only when such a conviction results from a legal error that the courts speak of a "miscarriage of justice" that warrants a new trial. *Johnson v. United States, supra,* 805 F.2d at

1289–90. Even then, unless the error is of constitutional magnitude, a federal court does not have the power to correct it in a proceeding brought under the habeas corpus statute (section 2254) or, we add today, its federal-prisoner substitute (section 2255).

2. Guinan claims that his trial counsel rendered ineffective assistance to him. This is a claim of constitutional error and can therefore be raised in a motion under section 2255. Some of the specific charges of professional misconduct are based entirely on the trial record, and as no reason for failing to present them to this court on direct appeal has been offered, they would, if standing alone (the significance of this qualification will be explained shortly), be deemed waived. *United States v. Taglia*, 922 F.2d 413, 418 (7th Cir.1991). The interest in finality of criminal proceedings requires the defendant to raise in his direct appeal all grounds for reversal that he could feasibly raise then. He may not hold some of them in reserve for collateral proceedings, giving him two or more bites at the apple. But this is in general, not in every case. If he was represented on appeal by the very lawyer who he now claims did not represent him effectively at the trial, then he could not as a practical matter have raised the ineffective assistance claim on direct appeal, so there is no forfeiture. *Id.; Velarde v. United States*, 972 F.2d 826, 827 (7th Cir.1992). Likewise if he seeks to demonstrate ineffective assistance by facts outside the record of the trial. Often, indeed usually, the effectiveness of a trial lawyer's performance cannot be evaluated without an evidentiary hearing at which the lawyer is asked to explain why he did not follow seemingly promising lines of defense. Not always: the defendant might be confident that the ineffectiveness of the lawyer's assistance was obvious from the transcript and might not think that the lawyer who had disserved him (or anyone else) would have anything helpful to say at an evidentiary hearing. But when such a hearing would be necessary or useful to the consideration of a claim of ineffective assistance the defendant is entitled to withhold the claim from his direct appeal and pursue it in a collateral proceeding in which such a hearing can be held. *Bond v. United States*, 1 F.3d 631, 635 (7th Cir.1993).

The approach sketched in the preceding paragraph was set forth in the *Taglia* case two years ago and has been followed or cited approvingly in such cases as *Bond* and *United States v. Castillo*, 965 F.2d 238, 243 (7th Cir.1992). A subsequent decision by a different panel, *United States v. Donaldson*, 978 F.2d 381, 394 (7th Cir.1992), declared that *Taglia* had in fact been inconsistent with other decisions of the court, though the only decision cited, *United States v. Nero*, 733 F.2d 1197, 1207 (7th Cir.1984), is entirely consistent with it. On the basis of the supposed inconsistency flagged in *Donaldson*, a subsequent decision declares the question of *Taglia*'s soundness to be an "open" one in this circuit. *United States v. Davenport*, 986 F.2d 1047, 1050 (7th Cir.1993). The full court had meanwhile voted to rehear en banc a case raising the *Taglia* issue, but the issue had washed out at argument when the defendant's lawyer withdrew his claim of ineffective assistance, and the case was then decided on other grounds. *United States v. Echols*, 951 F.2d 352 (7th Cir.1992) (table); see *United States v. Donaldson, supra*, 978 F.2d at 394.

The fact that rehearing en banc is granted to examine a question does not deprive the answer given to the question by an earlier decision of its precedential force. *Taglia* remains the law of the circuit, and in its short life has not, so far as we have been made aware, become an engine of oppression, either for us or for criminal defendants. And as pointed out in the *Castillo* case, the inter-circuit conflict that along with the supposed intracircuit conflict and the doubts of some members of the court concerning the fundamental soundness of *Taglia* prompted the grant of rehearing en banc in *Echols* has since disappeared; there is no longer any decision in conflict with *Taglia*. 965 F.2d at 243. We do not, however, disparage the concerns that some members of this court have felt concerning *Taglia*, and in a moment we shall suggest a refinement of the rule of that case designed to meet those concerns.

*Taglia* requires the defendant to decide at the time of briefing his direct appeal

whether he wants to base a claim of ineffective assistance of counsel entirely on the trial record, with no extrinsic evidence—from possible witnesses, from the trial lawyer, from other lawyers, from whomever—designed to show that a competent trial lawyer would have behaved differently. The track record of such appeals is poor, although a quick check of reported cases finds several such reversals in the last three years. *United States v. Swartz,* 975 F.2d 1042, 1050 (4th Cir.1992); *United States v. Tatum,* 943 F.2d 370, 379–80 (4th Cir.1991); *United States v. Swanson,* 943 F.2d 1070 (9th Cir.1991); *United States v. Ford,* 918 F.2d 1343, 1350 (8th Cir.1990); *United States v. Loughery,* 908 F.2d 1014 (D.C.Cir.1990). *United States v. Cronic,* 466 U.S. 648, 659, 666, 104 S.Ct. 2039, 2047, 2051, 80 L.Ed.2d 657 (1984), indicates that such reversal is indeed appropriate, at least in limited circumstances. No court has accepted the position of the Department of Justice, quoted but not ruled on in *Cronic,* that "a defendant can attack the actual performance of trial counsel *only* through a petition for postconviction relief . . . and not through direct appeal." *Id.* at 667 n. 42, 104 S.Ct. at 2051 n. 42 (emphasis added). In the usual case a criminal defendant will want to seek evidentiary support for his claim of ineffective assistance of counsel outside the trial record and will thus want to present the claim in a postconviction motion, as is his privilege. *United States v. Alex Janows & Co.,* 2 F.3d 716, 722 n. 1 (7th Cir.1993). But from the number of cases in which the issue is presented (though rarely successfully) on direct appeal, it appears that often the defendant and his present counsel do not believe that anything would be gained by an evidentiary inquiry, and in that case, since the defendant perforce intends to base his claim of ineffective assistance on the trial record alone, he must raise it on direct appeal or lose it.

▆ This result can be questioned on two grounds, one conceptual, one practical. The conceptual objection is that it violates the principle that an issue not raised in the district court (and how often will trial counsel raise in the district court the issue of his own competence?) cannot be raised in the court of appeals. The practical objection is that it

hands appellate counsel a nasty dilemma: if he seeks reversal on the basis of ineffective assistance of trial counsel, the judgment is almost certain to be affirmed, barring the raising of the issue in collateral proceedings; if he does not, the government may contend in any collateral proceeding that he should have. Against these points must be weighed, however, the interests in resolving the validity of a criminal judgment at the earliest possible time and, a closely related point, in minimizing the number of collateral proceedings so that the direct appeal will be the main bout and not just the warm-up. These conflicting interests can be reconciled by a rule that if a defendant postpones raising the issue of ineffective assistance of counsel until the collateral stage he must have a valid reason for the postponement. It might be that his trial counsel was his appellate counsel. Or that the claim could not be developed without new facts. Or (this is the refinement of *Taglia*) that at the time of taking the appeal it had reasonably appeared that new evidence might be necessary, though it has since become apparent that the trial record itself was the only evidence that could be presented in support of the claim. But if no reason is presented for the defendant's having waited, the interest in finality requires that the failure to have raised the issue on appeal be deemed a waiver of it. *Beaulieu v. United States,* 930 F.2d 805, 807–08 (10th Cir.1991). Otherwise, collateral attacks on criminal convictions will be routine, because ineffective assistance is a staple ground for challenging a criminal conviction, rather than exceptional as they should be.

The line taken by the Justice Department in *Cronic*—and perhaps its current position as well—is that since an ineffective assistance claim can *never* succeed without post-trial evidence, defendants should be *forbidden* to present such claims on direct appeal and, presumably, forbidden to present them in collateral proceedings either unless they have some post-trial evidence to offer. But to begin with, the premise is false, since we have cited cases in which such claims did succeed on direct appeal. And second we do not ordinarily forbid an appellant to present an argument for reversal merely because the

probability that the argument will be accepted is low. We are not so paternalistic. If the argument is made and rejected, or not raised and later held waived, the appellant must live with the consequences.

There is, however, a further wrinkle in this case. Guinan presented in his section 2255 motion two distinct types of ineffective-assistance claim. The first type includes charges that his trial counsel was inexperienced, unprepared, and failed to call crucial witnesses. Guinan might have sought to bolster these charges in an evidentiary hearing to explore the trial counsel's preparation, experience, and so forth. But he did not ask for such a hearing. He was content to base these complaints about his lawyer's performance solely on the trial record. That is precisely the type of complaint that should be presented on direct appeal. Guinan's second type of claim of ineffective assistance is based on a Tax Court opinion rendered after his conviction and appeal. The opinion demonstrates, Guinan argues, that he had a good defense to the criminal charges, which his trial counsel failed to raise, and which thus strengthens the claim of ineffective assistance. Guinan could not of course have raised this matter on direct appeal. Nor do we think he should be penalized for not having raised on direct appeal those allegations of ineffective assistance that he wanted to base solely on the trial record. Those allegations standing by themselves were very weak. Only when the Tax Court opinion came down had he a plausible, though as we are about to see not a winning, claim of ineffective assistance. He could reserve his other complaints about counsel's performance for such time as he obtained, whether through evidentiary investigation or otherwise, a stronger basis for claiming ineffective assistance, and then present all his claims at once, to give the court a full picture of his counsel's performance. As he did.

All this said, there is no merit to the claim of ineffective assistance. The defense raised in the Tax Court proceedings was in fact raised by Guinan's criminal trial counsel, and the other allegations of ineffective assistance are not supported by the record. The judgment of the district court is therefore affirmed, but with the modification that so much of the motion as sought relief on the basis of newly discovered evidence should have been dismissed without consideration of whether the motion would have had any merit if timely filed under Rule 33.

Modified and Affirmed.

EASTERBROOK, Circuit Judge, concurring.

Like my colleagues, I yearn for a system under which one appeal resolves the entire case. Unfortunately, ineffective assistance of counsel eludes once-and-for-all disposition. Trial counsel cannot be expected to attack his own performance, and a new lawyer representing the defendant on appeal finds that it is impossible to upset a conviction by pointing to his predecessor's actions. Why impossible? Because the absence of a complete record prevents definitive action. No matter how odd or deficient trial counsel's performance may seem, that lawyer may have had a reason for acting as he did. Compare *United States v. Myers*, 892 F.2d 642 (7th Cir.1990), with *United States v. Myers*, 917 F.2d 1008 (7th Cir.1990). Or it may turn out that counsel's overall performance was sufficient despite a glaring omission, or that the shortcoming did not prejudice the defendant. Compare *United States ex rel. Cross v. DeRobertis*, 811 F.2d 1008 (7th Cir.1987), with *Cross v. O'Leary*, 896 F.2d 1099 (7th Cir. 1990). See *Lockhart v. Fretwell*, —— U.S. ——, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The trial judge is best situated to assess overall performance and prejudice, yet a claim of ineffective assistance presented on direct appeal asks the court of appeals to act without the district judge's views. The most any defendant can hope for is a remand to permit the development of the record. No surprise, then, that my colleagues have been unable to find a single case in which this circuit reversed a conviction on direct appeal because of deficient performance by trial counsel. The tenth circuit did this once, only to be reminded that a larger record was essential to evaluate counsel's performance. *United*

*States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

Rules of procedure should be designed to induce litigants to present their contentions to the right tribunal at the right time. For ineffective assistance, the court of appeals on direct appeal is the wrong tribunal at the wrong time. My colleagues recognize this. They say that a defendant whose trial lawyer represents him on appeal, or who needs additional evidence to make an effective argument of ineffective assistance, may present the argument under 28 U.S.C. § 2255 without risk of forfeiture. What puzzles me is their further conclusion that, if the defendant has a new lawyer on appeal, then counsel must take a futile step in order to preserve his client's entitlement to judicial review of the trial lawyer's performance. Having taken this doomed step, the defendant is foreclosed from making additional arguments under § 2255.

There are two loopholes: (a) if at the time of the direct appeal it "reasonably appeared that new evidence might be necessary" (opinion at 472), then the claim is preserved for litigation under § 2255; (b) if an important event occurs after the direct appeal, as it did in this case, the defendant then may present all of his grievances so that counsel's performance may be assessed as a whole. From my perspective, these exceptions mean that a claim always is preserved for later resolution, because new evidence is always necessary if the defendant is to have a glimmer of success. An ineffective-assistance claim may be rejected routinely on the trial record, but it cannot prevail. Consider Guinan's argument "that his trial counsel was inexperienced, unprepared, and failed to call crucial witnesses", which the majority characterizes as "precisely the type of complaint that should be presented on direct appeal." Opinion at 473. Inexperience or unpreparedness, divorced from concrete injury, is legally irrelevant; *so Cronic* holds. Failure to call essential witnesses might show both deficient performance and prejudice, but on direct appeal all we will have is defendant's say-so that an uncalled witness was critical. To have any hope of success, the defendant must enlarge the record with affidavits establishing what testimony the witness would have provided if called, and demonstrate that his lawyer was actually aware of this potential testimony or grossly deficient in failing to find out about it. This is precisely the type of complaint that should *not* be presented on direct appeal. It must be developed in an evidentiary hearing.

My colleagues' approach, establishing a rule of forfeiture when ineffective-assistance claims that could have been raised on the trial record are bypassed, makes sense only on the assumption that arguments of this kind should be presented *as a rule*—not in the exceptional case, but day in and day out. If new evidence is sometimes necessary and sometimes not, then district judges must inquire which is which before proceeding under § 2255. Far from simplifying and expediting the process of resolving ineffective-assistance claims, the majority's approach complicates and extends it. Any lawyer worth his salt (and any *pro se* prisoner aware of this decision) will attach an affidavit or two to the motion under § 2255 and request an evidentiary hearing. The district judge will have to decide whether this additional evidence is necessary—and whether it "reasonably appeared" necessary to appellate counsel handling the direct appeal. Such a decision may be difficult to make without the testimony of appellate counsel, narrating his thinking in selecting issues for that appeal.

*Bond v. United States,* 1 F.3d 631 (7th Cir.1993), applying the approach of *United States v. Taglia,* 922 F.2d 413, 418 (7th Cir. 1991), shows the nature of the problem. The district court denied a motion under § 2255 without reaching the merits, reasoning that the record on the original appeal was enough to support an ineffective-assistance claim even though the defendant filed new information with the § 2255 motion. We disagreed with that assessment of the record and directed the district judge to hold a further hearing. Today the majority supplements the objective approach of *Bond* and *Taglia* with a subjective overlay: whether it "appeared" to counsel ("reasonably," of course) that the record was sufficient at the time of the appeal. I doubt that this can be called a simplification. Would it not be better to

adopt a clear rule that ineffective-assistance claims may be raised under § 2255?

No principle of forfeiture we can establish alters the fact that in most cases an ineffective-assistance claim is best raised under § 2255. We can, however, require the parties and the district judges to search for needles in haystacks—to seek out the rare claim that could have been raised on direct appeal, and deem it waived. Instead of conducting this inquiry, only to conclude 99.44% of the time that the record on direct appeal was indeed inadequate (or "reasonably appeared" so)—or that appellate counsel was ineffective in failing to appreciate that trial counsel's defects should have been presented to the panel hearing the direct appeal (ouch!)—the district court could turn straight to the merits. In most cases the claim may be dispatched expeditiously, as it was in this case. The few ineffective-assistance cases in which the defendant has a serious argument escape forfeiture under my colleagues' view (because, as I keep emphasizing, the trial record is *always* inadequate to support a successful claim of ineffective assistance). Inquiring whether a claim could have been raised on direct appeal thus has little potential to simplify collateral litigation and some potential to complicate it.

Two years ago we set a case for hearing in banc to decide whether, given the foredoomed outcome of ineffective-assistance claims on direct appeal, we should remit these contentions to § 2255. As the panel observed in *United States v. Castillo,* 965 F.2d 238, 243 (7th Cir.1992), every circuit is willing to tackle such contentions, if defendants are foolish enough to present them. See also *Cronic,* 466 U.S. at 667 n. 42, 104 S.Ct. at 2051 n. 42. "May present" does not imply "must present." Whether failure to put one's head on the chopping block surrenders an opportunity to use § 2255 continues to divide the circuits. Compare *Billy–Eko v. United States,* 968 F.2d 281, 283 (2d Cir. 1992) (new appellate counsel's failure to make ineffective-assistance claim on direct appeal bars resort to § 2255 in absence of cause and prejudice), vacated on confession of error, —— U.S. ——, 113 S.Ct. 2989, 125 L.Ed.2d 685 (1993), and *Beaulieu v. United States,* 930 F.2d 805, 807 (10th Cir.1991) (same), with *United States v. Casiano,* 929 F.2d 1046, 1051 (5th Cir.1991) (use of § 2255 permissible unless deliberate bypass on direct appeal), and *United States v. Schaflander,* 743 F.2d 714, 717 (9th Cir.1984). Today's majority steers a middle course, retaining a forfeiture rule with an escape hatch. The United States Attorney for the Northern District of Illinois supports this result, but his superiors do not. When asking the Supreme Court to permit Billy–Eko to present his contentions of ineffective assistance under § 2255, the Solicitor General concluded that "the preferable result from the perspective of the federal criminal justice system as a whole is that [a defendant] should not be required [to raise an ineffective-assistance claim on direct appeal], and that he therefore need not show cause for failing to do so in order to raise the claim in a motion under Section 2255." Brief for the United States in *Billy–Eko v. United States,* No. 92–7897 (October Term 1992).

Three courts of appeals have held that ineffective-assistance claims are forfeited when not presented on direct appeal. The Solicitor General has confessed error on all three. I have mentioned *Billy–Eko,* from the second circuit. For others see *Chappell v. United States,* 878 F.2d 384 (7th Cir.1989) (table), vacated on confession of error, 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990); *Diaz–Albertini v. United States,* unpublished (10th Cir.1990), vacated, 498 U.S. 1061, 111 S.Ct. 776, 112 L.Ed.2d 839 (1991) (the Solicitor General doubted the court's rationale but defended its judgment; the Supreme Court directed the tenth circuit to reconsider). Prosecutors may jettison devices limiting the scope of collateral review. E.g., *Godinez v. Moran,* —— U.S. ——, —— n. 8, 113 S.Ct. 2680, 2685 n. 8, 125 L.Ed.2d 321 (1993); *Jenkins v. Anderson,* 447 U.S. 231, 234 n. 1, 100 S.Ct. 2124, 2127 n. 1, 65 L.Ed.2d 86 (1980); *Garlington v. O'Leary,* 879 F.2d 277, 282–83 (7th Cir.1989); *Barrera v. Young,* 794 F.2d 1264, 1268–69 (7th Cir. 1986). Cf. *Granberry v. Greer,* 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987). The Solicitor General disdains rules of the kind *Taglia* represents. Nonetheless we go on as before. My colleagues direct district judges

to enforce a forfeiture rule that *neither* prosecutors nor prisoners want. They do so, moreover, in a case that is cert-proof; by elaborating the rule of forfeiture and then deciding the claim on the merits, the majority makes its extended discussion effectively unreviewable. Review will come eventually, in light of the conflict and the Solicitor General's position. I regret that we issue a set of instructions that will complicate things in the interim.

Lawyers who raise ineffective-assistance claims on direct appeal do their clients a grave disservice, because the inevitable loss will prevent the accused from raising the same claim later, when factual development would permit accurate resolution. Lawyers who do *not* raise ineffective-assistance claims on direct appeal create a risk that the court will deem the contention forfeited, but this is the lesser risk. Most meritorious claims may be adjudicated under my colleagues' approach in § 2255 proceedings, provided appellate counsel withholds the arguments. Litigants and judges will, however, have to devote their scarce time to working through the complex of rules that permit this adjudication. I would take Occam's Razor and slice off the wasted motion.