33 F.3d 56
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Luis James VALENCIA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3237.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 9, 1994.[1]
Decided Aug. 15, 1994.
 
 Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Luis James Valencia files this pro se appeal after the denial of his second motion to vacate his sentence, filed pursuant to 28 U.S.C. Sec. 2255, in which he raised three claims.
 
 
 2
 Petitioner argues that he was denied the right to appeal from the dismissal of his first Sec. 2255 motion. In addition to the fact that there is no right to appeal from the denial of a Sec. 2255 motion, the record aptly demonstrates that defendant was given numerous opportunities to perfect that appeal by both the district court and this court, and he failed to do so. Instead, he chose to start over again with a second Sec. 2255 motion which raised new issues. The district court properly found that defendant cannot appeal from the denial of one Sec. 2255 motion by filing a second Sec. 2255 motion with the district court.[2]
 
 
 3
 Petitioner next raises ineffective assistance claims challenging both his trial attorney and his appellate counsel. Cf., Guinan v. United States, 6 F.3d 468 (7th Cir.1993). Petitioner argues that he was improperly sentenced for conspiring to possess 15 kilograms of cocaine. Petitioner failed to raise this argument in his first Sec. 2255 motion. Under Rule 9(b) of the Rules Governing Sec. 2255 Motions, a "second or successive motion may be dismissed ... if new and different grounds are alleged, [and] the judge finds that failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules." Petitioner has not demonstrated cause for this procedural default. See McCleskey v. Zant, 499 U.S. 467, 111 S.Ct. 1454, 1470 (1991). While defendant argues that his appellate counsel was ineffective for not raising the sentencing issue on direct appeal, this does not explain why he failed to raise it in his first Sec. 2255 motion.
 
 
 4
 Petitioner's third claim is that his trial counsel was ineffective. This can be considered as cause for failure to raise a claim on direct appeal. Murray v. Carrier, 477 U.S. 478, 488 (1986). However, the claim was addressed (and denied) on the merits by the district court in its consideration of defendant's first Sec. 2255 motion, and as we have already stated, he cannot now appeal from that denial by filing a second Sec. 2255 motion.
 
 
 5
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [2]
 Moreover, the district court also properly found that the court would have found the appeal was not taken in good faith and was frivolous, thus requiring denial of the motion under 28 U.S.C. Sec. 1915(a)