32 F.3d 570
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ray D. LOVE, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 93-2232.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 22, 1994.*
Decided Aug. 16, 1994.
 
 1
 Before RIPPLE and MANION, Circuit Judges and GRANT, District Judge.**
 
 ORDER
 
 2
 Ray Love appeals the district court's denial of his petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. Sec. 2255. We affirm.
 
 
 3
 Ray Love was convicted by a jury of conspiring to possess cocaine with intent to distribute in violation of 21 U.S.C. Sec. 846 and using or carrying a firearm during and in relation to the drug trafficking crime in violation of 18 U.S.C. Sec. 924(c). Love was sentenced to 123 months of imprisonment and four years of supervised release. On direct appeal we affirmed Love's conviction and sentence. United States v. Tolliver, 937 F.2d 1183 (7th Cir.), cert. denied, 112 S.Ct. 614 (1991). Love thereafter sought habeas relief, claiming that the government relied on false testimony in prosecuting him. The district court denied the petition on the ground that Love had procedurally defaulted his claim by failing to raise it on direct appeal and by failing to show cause for and prejudice from this default. Love moved the district court to reconsider its denial, arguing that this claim was not raised on direct appeal because of ineffective assistance of counsel. The district court again denied his Sec. 2255 motion.
 
 
 4
 FBI informant Fred "Billy" Schneider assisted Agent Rich Dye in negotiating a drug sale with Tonnie Tolliver, one of Love's co-defendants. On direct examination, Schneider identified defendant Tolliver and Agent Dye, but could not identify two black males also present at Tolliver's home on the night of the buy, stating "I couldn't recognize them right now to be honest with you." After direct examination was completed, the court recessed for ten minutes. When the court returned from recess, the Assistant United States Attorney asked to reopen direct examination of Schneider. Defendants' counsel objected. The Assistant U.S. Attorney explained that Schneider was able to identify the two defendants upon closer visual examination. Trial Transcript at 460-61 ("I think we all saw Mr. Schneider was squinting, and having a hard time recognizing Special Agent Dye and Mr. Tolliver, people who I believe we would all agree he has seen on many occasions.")[1] Over objections by defendants' counsel, the court allowed further direct and Schneider identified both Love and a co-defendant.
 
 
 5
 With his Sec. 2255 petition, Love included affidavits of his mother, brother and wife. Each swore that during the ten minute recess they overheard the assistant United States Attorney point Love out to Schneider and tell Schneider to identify Love on the stand. Love states that he gave counsel this information but that counsel did not cross-examine Schneider as to the identification. Love asserts that this constituted ineffective assistance and therefore is cause for his procedural default. "[I]f a defendant postpones raising the issue of ineffective assistance of counsel until the collateral stage he must have a valid reason for the postponement." Guinan v. United States, 6 F.3d 468, 472 (7th Cir.1993). As we noted in Guinan, if trial counsel also was defendant's appellate counsel,[2] the defendant has a valid reason for his failure to raise the issue on direct appeal. Id.
 
 
 6
 To determine if Love was prejudiced by his procedural default, we look to the merits of his ineffective assistance claim. To prevail, Love must show that his counsel's performance was deficient and that this deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Levine, 5 F.3d 1100, 1108 (7th Cir.1993), cert. denied, 114 S.Ct. 1224 (1994). An appellant's claim must fail if he cannot meet either the performance or prejudice prong of the Strickland test. United States v. Delgado, 936 F.2d 303, 311 (7th Cir.1991), cert. denied, 112 S.Ct. 972 (1992). A reviewing court need not address these two prongs in any particular order or even address both if the defendant makes an inadequate showing as to one. United States ex rel. Cross v. DeRobertis, 811 F.2d 1008, 1013-14 (7th Cir.1987) (citing Strickland, 466 U.S. at 697). Here we need not discuss whether counsel's performance was deficient because it is clear that this alleged deficiency did not deprive Love of a fair trial.
 
 
 7
 The prejudice prong focuses on whether counsel's deficient performance deprived Love of a fair trial. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993) (citing Strickland, 466 U.S. at 687). Even in the absence of Schneider's identification of Love during the re-opening of direct examination, Love received a fair and reliable trial. Id. In light of the overwhelming evidence against Love, he was not prejudiced by the identification.
 
 
 8
 Schneider and Agent Dye arranged a cocaine sale with Tolliver at Tolliver's house. When Schneider first entered the house, Tolliver told him that the people with the money were not there yet. Tolliver, 937 F.2d at 1185. Schneider and Dye then drove around the area. During that time, surveillance agents observed a copper-colored Cadillac stop in the alley. Two men got out and entered Tolliver's house. The driver parked the car and entered Tolliver's house as well. He was wearing a distinctive white leather hat and carrying a brown plastic bag. Id. Schneider once again entered the house. While someone was counting the money, the man in the white leather hat offered additional money if there was not enough money in the brown bag to cover the agreed $18,000 for the drugs. Trial Transcript at 454-55; 505. The man also showed Schneider a large wad of bills. Tolliver, 937 F.2d at 1185. After Schneider returned to Dye's car and related that several men and guns were in the house, Dye called off the deal. Surveillance agents then saw four men leave Tolliver's and get into the Cadillac. The man with the white leather hat sat in the driver's seat holding a white plastic bag. Agents then arrested the four men. Id. The man with the white leather hat was Ray Love.
 
 
 9
 After his arrest, Love admitted to Agent Dye that he had driven the Cadillac to Tolliver's residence. Trial Transcript at 330. Special Agent Keith Plambeck testified that the black male driver of the Cadillac wore a brown leather coat and a white hat with no brim, and that the same individual exited the house with a white plastic bag, later found to contain over $18,000, the money for the cocaine. Id. at 508, 514. The government introduced the white hat worn by Love when he was arrested. Id. at 454.
 
 
 10
 Evidence was presented in a fair trial to sustain Love's conviction for narcotics conspiracy and the gun offense. Love drove himself and his co-defendants to the pre-arranged location for the drug deal. He was observed entering Tolliver's residence where the deal took place, and while there he volunteered to supply additional funds if needed. After the deal was aborted for safety reasons, Tolliver, 937 F.2d at 1185, Love left the residence. When Love was arrested, agents found the cash for the deal and a loaded revolver in the Cadillac, and an additional $5,000 in Love's sock. The surveillance and arresting agents testified and identified Love as the individual with the white leather hat. Under these circumstances, the identification by Schneider neither prejudiced Love nor deprived him of a fair trial.
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 **
 The Honorable Robert A. Grant, District Judge of the United States District Court for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 In fact, earlier in the direct examination when Schneider was asked to identify Tonnie Tolliver he stated "can you ask him to stand up? I can't really see that far." Trial Transcript at 426
 
 
 [2]
 Love was represented by trial counsel on appeal and did not raise the issue of false identification