62 F.3d 1420
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Horacio VELASQUEZ and Giovanni Saldarriaga, Petitioners-Appellants,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 94-2959, 94-3357.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 13, 1995.*
Rehearing and Suggestion for Rehearing En Banc Denied Aug.
16, 1995.
Decided July 14, 1995.
 
 Before FLAUM, RIPPLE, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Horacio Velasquez and Giovanni Saldarriaga are federal prisoners who filed separate motions pursuant to 28 U.S.C. Sec. 2255 seeking to vacate their sentences for their convictions as coconspirators in a drug conspiracy involving 27 defendants. The petitioners, appearing pro se, directly appealed their convictions to this court unsuccessfully. United States v. Mojica, 984 F.2d 1426 (7th Cir. 1993).
 
 
 2
 Although they filed separate Sec. 2255 motions, Velasquez and Saldarriaga raise identical arguments: that their trial attorneys were ineffective at sentencing for failing to argue that their relevant conduct be limited to conduct in furtherance of the execution of "jointly undertaken criminal activity" in addition to conduct reasonably foreseeable to the defendants. See United States Sentencing Guideline Sec.1B1.3. The district court dismissed the motions because both petitioners failed to raise this argument in their direct criminal appeals. The United States asked us to consolidate the petitioners' cases on appeal because their facts and legal positions are the same. We granted that request.
 
 
 3
 A federal defendant must raise on direct appeal any constitutional challenges to his trial counsel's performance, except in two instances. 1) if the attorney who was allegedly ineffective at trial or sentencing represents the defendant on appeal, or 2) if the ineffectiveness claim rests on evidence extrinsic to the trial record. If either of those scenarios is present, then an ineffective assistance of counsel claim may properly be raised for the first time in collateral proceedings. United States v. Guinan, 6 F.3d 468, 471 (7th Cir. 1993); United States v. Taglia, 922 F.2d 413 (7th Cir. 1991).
 
 
 4
 The petitioners argue that they were unable to make their ineffective assistance of counsel claims on direct appeal because extrinsic evidence was necessary to determine that their attorneys' performances were outside the range of reasonableness necessary to satisfy the Sixth Amendment. They also claim that they were entitled to an evidentiary hearing. Bond v. United States, 1 F.3d 631 (7th Cir. 1993). Although the petitioners bear the burden of proof to establish the need for an evidentiary hearing, they have offered no evidence extrinsic to the trial record that supports that need. Moreover, no reason exists why the defendants could not have argued an ineffectiveness claim based on application of the Guidelines in the direct appeal. The Mojica opinion indicates that both petitioners challenged the district court's base offense calculation made pursuant to the Guidelines. That challenge involved (or should have involved) the petitioners' review of the Guidelines provision that is the subject of their ineffectiveness claims. Such a review would have brought to the petitioners' attention any failing by their attorneys to challenge the district court's application of Sec.1B1.3.
 
 
 5
 By failing to raise their ineffectiveness claims in their direct criminal appeals, the petitioners have waived their opportunity to raise them here. The district court decision to dismiss the petition is
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). Although Horacio Velasquez filed a motion for oral argument prior to issuance of the Rule 34(f) notice, no statement in response to the Rule 34(f) notice was filed by either party. Therefore, the appeal is submitted on the briefs and the record