107 F.3d 873
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David S. BITTIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2908.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 6, 1997.*
Decided Feb. 6, 1997.
 
 Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 In 1992 David Bittis was convicted of one count of knowingly and willfully conspiring to remove, obliterate, tamper with and alter vehicle identification numbers (VINs) in violation of 18 U.S.C. § 371 (Bittis and his confederates replaced the VINs of stolen cars with VINs removed from cars bought for salvage and then sold the stolen cars using the legitimate VINs). His conviction and sentence were affirmed. United States v. Short, 4 F.3d 475, 480 (7th Cir.1993). Bittis now has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The district court denied the motion, and Bittis appeals. We affirm.
 
 
 2
 Bittis claims that his counsel's performance was so ineffective as to deprive him of the right to counsel guaranteed by the Sixth Amendment. Under Guinan v. United States, 6 F.3d 468, 472 (7th Cir.1993), and United States v. Taglia, 922 F.2d 413, 418 (7th Cir.1991), this claim is appropriate for a section 2255 proceeding, as Bittis had the same counsel for both trial and appeal and now seeks to rely upon extrinsic evidence in support of his motion. In order to succeed with his claim, Bittis must satisfy the two-part test articulated in Strickland v. Washington, 466 U.S. 668 (1984): that "counsel's representation fell below an objective standard of reasonableness," and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688, 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Bittis alleges that his attorney failed to pursue numerous promising avenues of documentary evidence and witness testimony that would have undermined the testimony of key government witnesses.
 
 
 3
 First, Bittis contends that his attorney should have called to the stand Thomas Monk, who would testify that he replaced the interior of the cab of one of the vehicles involved in the case. Bittis argues that this testimony would show that Monk, not Bittis, must have replaced the VIN. Nothing in the proposed testimony, however, tends to show that Monk replaced the VIN. Further, we have nothing but Bittis's description of Monk's testimony. As we have stated, "evidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." United States v. Ashimi, 932 F.2d 643, 650 (7th Cir.1991); see also United States ex rel. Partee v. Lane, 926 F.2d 694, 701 (7th Cir.1991). Although Bittis was not afforded the opportunity to call witnesses at an evidentiary hearing, he has not offered such an affidavit or shown inability to obtain one.
 
 
 4
 The evidence of the other witnesses who Bittis contends should have been called suffers from similar deficiencies. Bittis says that expert witness Joe Noll would have testified that Midwest Auto Salvage, where Bittis and his co-defendant Short allegedly bought parts, was a notorious "chop shop," thereby providing an innocent explanation for Bittis's possession of stolen parts and bolstering Bittis's defense that he was simply an unsophisticated "backyard mechanic." Even disregarding the fact that Bittis has submitted no proof of the proposed testimony, the district court noted that the defense cross-examined the government's expert witness on this issue. Thus, the information was before the jury, and Bittis can show no prejudice from the defense's failure to call its own witness. Bittis also states that Don and Butch Jantz would have testified that Short had purchased many of the parts and vehicles in the case from them. Again, however, Bittis presents no proof of the proposed testimony, and with these witnesses he does not even clearly specify the exact substance of their testimony. Bittis also says witness Timothy Klug should have been called to identify the vehicle that Klug's wife totaled in an accident. It is unclear how this testimony would have aided Bittis's defense. Finally, an affidavit from Short's state court attorney stating that he turned over his file to the defense attorneys in this case, and that he believed Short had a good defense to state charges regarding this conduct, does little to show ineffective assistance by Bittis's counsel in this federal proceeding.
 
 
 5
 Bittis further alleges that his counsel was ineffective for failing to locate and present a report that would contradict the prosecution's evidence that the rosettes attaching the VIN plate to one of the vehicles were not the type used by the manufacturer. On the contrary, however, the affidavit of David Berman, counsel for co-defendant Short, stated that he and Bittis's counsel, as well as Bittis and Short, searched unsuccessfully for this document. Counsel cannot be considered ineffective for failing to present something he searched for, but could not find. Additionally, although Bittis presents a typed document which states that the rosettes were non-magnetized (and thus consistent with manufacturer-used rosettes and contradictory to the FBI report introduced by the prosecution), there is no indication of who wrote the document, under what circumstances, or that they had the knowledge to evaluate the rosettes properly. Thus, this submission is insufficient to show prejudice.
 
 
 6
 Bittis also points to other documentary evidence that he claims would have contradicted the prosecution's evidence. First, he presents a statement from a Shopko store that they do not make keys. This, he contends, would have contradicted the testimony of Short's wife, Kristie Hartung, that Short had keys made at Shopko while they were test-driving new vehicles, then after the dealership closed, Short would return with the extra keys and drive the vehicle away. Apparently Hartung testified, however, that Short had told her that he had keys made, not that she knew or saw him having the keys made. Thus, the Shopko statement does not contradict her testimony. Further, there is no indication who wrote the document, when they wrote it, or whether it is authentic or accurate. Thus, it too is insufficient to support Bittis's petition. Second, Bittis submits police reports filed by the dealership from which a van was allegedly stolen, showing that the dealership made no report of a stolen van. The absence of such a report from among those secured by Bittis, however, does not directly contradict the eyewitness testimony of Hartung.
 
 
 7
 During Bittis and Short's trial, government witnesses testified to personal involvement in and eyewitness observation of Bittis and Short's activities, including stealing cars and changing VIN plates. The submission incorporated in Bittis's petition do not sufficiently contradict or overcome this evidence, and thus Bittis has not been able to show that the result of his trial would probably have been different had counsel acted differently.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appellant's request for oral argument is denied and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)