111 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Sam HARRIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3876.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 18, 1997.[1]
Decided March 31, 1997.
Rehearing Denied April 28, 1997.
 
 Before Flaum, Manion and Evans, Circuit Judges.
 
 ORDER
 
 1
 A jury found Sam Harris guilty of one count of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and one count of possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Three years ago, on March 10, 1994, we affirmed his conviction in an unpublished order. In October of 1995, proceeding pro se, Harris filed a petition to vacate or modify his sentence under 28 U.S.C. § 2255. The petition was denied on November 14, 1995. Harris appeals.
 
 
 2
 In his § 2255 petition, Harris claimed that the district court misapplied U.S.S.G. § 1B1.3(a)(1) and Application Note 2 by failing to make an individualized finding concerning the scope of his involvement in the conspiracy to distribute cocaine. This defect, he says, led the district court to tag him with an excessive amount of cocaine. He also says that his trial and appellate counsel were ineffective because they failed to pursue his claim that the district court misapplied § 1B1.3(a)(1). The district court found that Harris' petition was procedurally barred because he did not raise his objections to the amount of drugs either at sentencing or on direct appeal and he failed to show he was prejudiced by counsels' performance.
 
 
 3
 On appeal from the denial of his § 2255 petition, Harris raises the same two issues he raised in the district court plus a totally new one: the evidence was insufficient to support the jury verdict under 18 U.S.C. § 924(c) in light of Bailey v. United States, 116 S.Ct. 501 (1995), decided three weeks after the district court denied Harris' § 2255 petition.
 
 
 4
 Challenges to sentencing guideline calculations are not cognizable under § 2255 absent extraordinary circumstances. Soto v. United States, 37 F.3d 252, 254 (7th Cir.1994). Because Harris has not alleged any circumstances, let alone extraordinary ones, which would warrant collateral review, the claim that his sentence was based on an erroneous determination of his relevant conduct comes a cropper.
 
 
 5
 In order for Harris to succeed on his ineffective assistance of counsel claim, he must show that his counsels' (trial and/or appellate) performances were deficient and that the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 668, 694 (1984). In order to demonstrate prejudice, Harris must show that the proceeding was fundamentally unfair or unreliable as a result of counsels' errors. Lockhart v. Frewtell, 506 U.S. 364, 370 (1993). Harris asserts that he did not know about some cocaine (34.35 grams) attributable to his coconspirator. However, a member of a conspiracy is responsible for any drugs attributable to himself or to his conspirators that were reasonably foreseeable to him. United States v. Edwards, 945 F.2d 1387, 1392 (7th Cir.1991). Reasonable foreseeability refers to the scope of the agreement, not just the defendant's actual knowledge. United States v. Flores, 5 F.3d 1070, 1083 (7th Cir.), cert. denied, 510 U.S. 1074 (1994).
 
 
 6
 Harris fails to address or argue that the drugs were not within the scope of the conspiracy. The presentence report, on which the district court relied (without objection), referenced testimony that Harris' coconspirator was given a block of crack cocaine and 30 small, blue ziploc bags of cocaine, calculated at about 34.35 grams. This was properly chargeable to Harris, so he simply cannot show that the proceeding was unfair or unreliable. Thus, he fails the Strickland prejudice test and the district court properly denied his claim on this point.
 
 
 7
 This brings us to Harris' belated challenge to his § 924(c) conviction. The conviction on this count was not challenged on the direct appeal several years ago and was again not challenged in the § 2255 petition Harris filed with the district court. For this reason, the government does not address the merits of Harris' argument under Bailey but instead briefly argues that we should not consider the claim because it was not raised in the district court. We agree with the government's position.
 
 
 8
 Section 924(c) convictions are ordinarily challenged, post-Bailey, on two theories: that flawed instructions were given to the jury which permitted the "use" prong of § 924(c) to be treated the same as mere possession; and a related theory, that the evidence was insufficient to support the conviction. See United States v. Robinson, 96 F.3d 246 (7th Cir.1996). Also, most post-Bailey issue cases reach us on direct appeal, not as collateral attacks under § 2255, although we have met the issue in that context several times. Harris, of course, is here on a § 2255 case, but his has a twist that puts him in a bit of a pickle. The twist is, of course, that he did not raise a challenge to his § 924(c) conviction in the district court. The pickle is, if we affirm the dismissal he can never raise the issue because a second § 2255 petition would not be available. See Nunez v. United States, 96 F.3d 990 (7th Cir.1996). Although this would, of course, preclude review of the issue, and a possible benefit to Harris from Bailey, it is consistent with our recent observation in Broadway v. United States, 104 F.3d 901 (7th Cir.1997), that § 2255 presents only a narrow avenue for challenging convictions. In that case we noted that "federal courts lack the power under § 2255 to rectify errors that fall short of vitiating the sentencing court's jurisdiction or are otherwise of constitutional magnitude," citing Guinan v. United States, 6 F.3d 468 (7th Cir.1993). This limited view of § 2255 is not new. As we noted in Bontkowski v. United States, "non-constitutional errors which could have been raised on appeal but were not, are barred on collateral review--regardless of cause and prejudice." Bontkowski, 850 F.2d 306, 313 (7th Cir.1988).
 
 
 9
 The fact of the matter is that Harris could have challenged his § 924(c) conviction on his direct appeal, and he certainly could have, failing that, included a challenge to the count in his § 2255 petition in October of 1995. Sure, he didn't know at those times that Bailey was going to eventually give him potential aid and comfort, but that still doesn't mean that the argument he wants to advance could not have been made. So we take the view that Harris may not today raise, for the first time on appeal in this § 2255 case, a challenge to his § 924(c) conviction. But we hasten to note that even if properly raised, Harris could not prevail on the issue. In our unpublished order denying Harris' direct appeal, we noted that cocaine held for sale and a revolver were found in the trunk of Harris' car. We further noted that one of the conspirators "testified that he sold five bags of crack cocaine for $20 each on behalf of Harris and Figers and that he paid them with the revolver found in the trunk of Harris' car." This alone would establish that Harris' § 924(c) conviction is immune from attack under Bailey and that his challenge to the gun count, even if properly presented, would ultimately fail. See Smith v. United States, 113 S.Ct. 2050 (1993) (the exchange of a gun for drugs constitutes "use" of a firearm during and in relation to a drug trafficking crime under § 924(c)).
 
 
 10
 For these reasons, the judgment of the district court is
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)