114 F.3d 1192
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James C. SEGARS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2882.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 30, 1997.
Decided May 23, 1997.[1]
 
 Before FAIRCHILD, BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 James C. Segars appeals the denial of his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. A jury found Segars guilty of the following crimes, and he was sentenced to a total of 387 months' imprisonment, and 8 years' supervised release, with the sentencing breakdown as indicated:
 
 
 2
 (1) Seventeen counts of possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), and one count of conspiracy to distribute cocaine, 21 U.S.C. § 846: 327 months, with sentences to run concurrently;
 
 
 3
 (2) Six counts of interstate travel in aid of racketeering, 18 U.S.C. § 1952(a)(3): 60 months' imprisonment, sentence to run concurrently with conspiracy count;
 
 
 4
 (3) One count of money laundering, 18 U.S.C. §§ 1956(a)(1)(A)(i): 240 months, sentence to run concurrently with conspiracy sentence; and
 
 
 5
 (4) One count of using a firearm in relation to drug trafficking, 18 U.S.C. § 924(c): 60 months' imprisonment, under statutory mandatory minimum provision, to run consecutively to the other sentences.
 
 
 6
 The convictions and sentences of Segars and several codefendants were affirmed. United States v. Newman, Nos. 91-3192, 91-3193, 91-3219, 91-3228, 1993 WL 393130 (7th Cir.1993) (unpublished order).
 
 
 7
 The § 2255 petition maintains that Segars' trial counsel was ineffective, see Strickland v. Washington, 466 U.S. 668, 688, 694 (1984), due to a conflict of interest created by the attorney's representation of one of the government's witnesses in a different proceeding. Segars argues that his attorney should have moved to suppress the fruits of an allegedly illegal search; and should have objected to several errors at sentencing and on appeal. The district court denied the § 2255 petition.
 
 
 8
 The ineffective assistance of counsel claim is a constitutional error and therefore it is proper to raise it in a § 2255 motion. Guinan v. United States, 6 F.3d 468, 471 (7th Cir.1993). However, for the reasons stated by the district court, we find no ineffective assistance of counsel.
 
 
 9
 In regard to the adequacy of evidence on the § 924(c) count, the government concedes that under Bailey v. United States, 116 S.Ct. 501 (1995), "the evidence is not sufficient to establish 'use' of the firearm during the possession with intent to distribute predicate offense." (Appellee's Brief, p. 31) We have recently held in two cases that it is proper to raise a Bailey claim in a § 2255 proceeding, even where no direct appeal was taken from the criminal conviction. In both cases, we reversed the denial of a § 2255 motion, and remanded where the evidence was insufficient to establish that defendant "carried" the gun in question. Lee v. United States, No. 96-3323 (7th Cir. April 30, 1997), slip op. at 5 (asking how defendant can "be held to have waived his right to challenge whether those facts constituted a crime when at the time they did, and after Bailey they may not? He could not possibly be viewed as having voluntarily waived what turns out to be a Bailey challenge when Bailey did not exist at the time he pled guilty"); Stanback v. United States, No. 96-3469 (7th Cir. April 30, 1997), slip op. at 8-9 (reversing and remanding denial of § 2255 motion, where evidence was insufficient to establish that defendant "carried" a firearm in relation to the drug crime, since the gun was found sitting next to cocaine on a makeshift coffee table in the living room where defendant was arrested).
 
 
 10
 In Segars' direct appeal in 1993, this court upheld the § 924(c) conviction based on this evidence:
 
 
 11
 The record reflects that the .41 caliber revolver was brought to the apartment only hours before the drug sale by Winter, that Segars placed the gun on the shelf in the closet, and that there were other people in the apartment at the time of the drug sale. The government's evidence indicates that Segars was living in the apartment at the time.... Rabbe testified that the cocaine that he purchased from Segars in the bedroom was stashed at the time in a dresser approximately four to five feet from the closet in which the firearm was found at the time of the search.
 
 
 12
 The jury was not required to believe Segars' explanation for why the gun was placed where it was in the closet. Also, the jury could have reasonably believed that Segars chose to conduct the drug deal at a dresser four to five feet from the closet so that the transaction would occur at a place where he would have ready access to a loaded gun if necessary. This is particularly possible since Bryant and Rabbe had both testified that Segars often had firearms present when he dealt cocaine.
 
 
 13
 * * *
 
 
 14
 * * *
 
 
 15
 In our case, the evidence establishes that, at the very least, Segars stayed at the apartment from time to time. He may have lived there. The evidence is uncontroverted that the .41 caliber revolver was his gun. There is also no dispute that the firearm was located within a small number of feet of the location where the drug transaction between Segars and Rabbe occurred. Segars certainly had a possessory interest in the firearm, and two witnesses testified that it was not uncommon for him to have a firearm in the area during a drug transaction. In fact, one witness, Monte Skeels, testified that on one occasion Segars had drawn and brandished the gun while expressing his displeasure with Craig Smith's cocaine debt. United States v. Newman, 1993 WL 393130 (7th Cir.1993).
 
 
 16
 The government urges that "Segars is free to file a petition addressing this issue rather than the ineffective assistance of counsel issue."[2] Id. This petition, however, would be a successive petition subject to the new habeas corpus legislation. Cf. Stanback v. United States, slip op. at 7 n. 2 (because it is Stanback's first § 2255 motion, he need not rely on new rule of constitutional law made retroactive by the Supreme Court, according to the new standard set forth in the Antiterrorism and Effective Death Penalty Act of 1995).
 
 
 17
 We agree that no ineffective assistance resulted from failing to challenge the sufficiency of evidence to support "use" of a firearm, since at the time of Segars' trial, Bailey had not yet been decided. Considering the radical change in narrowing the definition of "use" in Bailey, counsel could hardly be expected to attack the "use" argument in anticipation of that decision.
 
 
 18
 The Bailey issue was not addressed in the district court during the § 2255 proceedings, since the district court denied Segars' § 2255 motion on July 10, 1995, and Bailey was not decided until December 6, 1995.[3] Thus, we remand on this issue only, and direct the district court to determine whether the conviction for the firearms count can stand. Cf. United States v. Robinson, 96 F.3d 246, 250-51 (7th Cir.1996) (remand where court "cannot be sure that the jury did not base its verdict completely on 'mere possession' evidence," which therefore "leave[s] open the possibility that jury's guilt verdict rested on a basis now soundly rejected by the Supreme Court"); United States v. Evans, 92 F.3d 540, 542 (7th Cir.1996) (absence of evidence that defendant made any "active use" of firearms is "irrelevant" because there was "plenty of evidence that [he] 'carried' guns within the meaning of the statute, even if he didn't 'use' them"); United States v. Baker, 78 F.3d 1241, 1247 (7th Cir.1996) (conduct clearly constituted "carrying" a firearm in relation to the drug conspiracy); United States v. Thomas, 86 F.3d 647, 651 (7th Cir.1996) (remand for new trial where court cannot determine whether improperly instructed jury relied on passive "use" to support the § 924(c) conviction); United States v. Smith, 80 F.3d 215 (7th Cir.1996) (remanding for new trial because, although evidence might support a "carry" conviction, such a determination can not be made on appellate review).
 
 
 19
 The remand is also necessary because we do not have the trial record before us, and we cannot determine whether the jury was presented with sufficient evidence of defendant's carrying firearms.
 
 
 20
 It is also not clear whether, absent a conviction under § 924(c), the sentencing court would use the Sentencing Guidelines to enhance the sentence based on possession of a firearm during the offense. See Lee v. United States, slip op. at 3 (remand necessary where 2-level increase in offense level for possession of a firearm "would have been requested if [defendant] hadn't been convicted of the § 924(c) charge"); United States v. Jackson, 103 F.3d 561, 569-70 (7th Cir.1996) ("The district court was precluded from enhancing [defendant's] sentence pursuant to [USSG] § 2D1.1(b)(1) because the [USSG] prohibit so-called 'double' counting'--applying an enhancement in conjunction with a § 924(c) conviction"). The district court can review this question on remand, depending on whether or not the § 924(c) conviction can stand, must be retried, or must be vacated.
 
 
 21
 As to all other issues, we affirm for the reasons stated in the district court's Memorandum and Order dated July 10, 1995.
 
 
 22
 AFFIRMED in part and REMANDED in part.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [2]
 Segars does raise a challenge to the evidence supporting "use" of a firearm, but brings it under the ineffective assistance of counsel umbrella to support a showing of cause for not having raised the issue in his direct appeal
 
 
 [3]
 Segars' opening brief in this appeal, filed on December 18, 1995, does not mention Bailey. However, the government discusses Bailey in its brief, and Segars responds in his reply brief