**Horace Edwin VICK, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 83–3573**
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

April 23, 1984.

Robert Augustus Harper, Jr., Tallahassee, Fla., for plaintiff-appellant.

Kenneth Sukhia, Asst. U.S. Atty., Tallahassee, Fla., for defendant-appellee.

Before HILL, JOHNSON and HENDERSON, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Horace Edwin Vick appeals to this court from the order of the district court denying his motion to vacate sentence under 28 U.S.C. § 2255. On January 12, 1981, Vick was found guilty of possession of cannabis with intent to distribute and of conspiracy to import a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 952(a) & 953. Vick appealed, and this court affirmed his conviction without opinion. Vick subsequently filed a motion under section 2255, claiming that his trial counsel had rendered ineffective assistance. The district court,

without holding an evidentiary hearing, denied the motion on August 23, 1983. On appeal, Vick contends both that the district court should have held an evidentiary hearing and that the district court should have granted his motion. We affirm.

Vick recites the following facts in support of his claim of ineffective assistance. His trial counsel, Victor Hulslander, was appointed to represent Vick on March 5, 1981. After a continuance was granted, the trial was scheduled for April 13, 1981. On the morning of the trial, Hulslander moved for a continuance based upon his inability adequately to prepare for the trial for the following reasons. First, Vick's codefendant Pitts had pleaded guilty late in the previous week; Hulslander argued that he had not had sufficient time to prepare cross-examination of Pitts during the weekend. Second, Mr. Hulslander had not learned until late in the preceding week that a government witness, George Kapetanis, had several prior convictions. Hulslander asserted that because he did not actually receive the "rap sheet" on Kapetanis until several hours before trial, he had not had adequate time to prepare for Kapetanis' cross-examination. Third, Hulslander contended that, because he practiced law in Gainesville, Florida, and Vick lived in Okeechobee, Florida, he had not had adequate time to communicate with Vick before trial. Hulslander argued that even though communication was possible over the telephone, this gave rise to a "chilling effect" on his conversations with Vick because of the possibility that the phone might be tapped. Finally, Hulslander noted that during one week of the pretrial period he was forced to leave the state because his father required heart surgery in Milwaukee, Wisconsin. In his section 2255 motion, Vick asserts the same four grounds at issue in the motion for a continuance as support for his contention that his counsel rendered ineffective assistance. Basically, he contends that Hulslander did not have adequate time to prepare for the trial.

■ We hold that the trial court could properly deny Vick's motion without holding an evidentiary hearing. It is the general rule in this circuit that effective assistance claims will not be addressed on direct appeal from a criminal conviction because an evidentiary hearing, available in a section 2255 proceeding, is often required for development of an adequate record. *United States v. Griffin*, 699 F.2d 1102 (11th Cir.1983). As we stated in *Griffin v. United States*, 588 F.2d 521 (5th Cir.1979), however, this rule does not require that the district court hold an evidentiary hearing every time a section 2255 petitioner asserts a claim of ineffective assistance of counsel. Section 2255 provides that, "[u]nless the motion and files and records of the case conclusively show that petitioner is entitled to no relief," the court should conduct an evidentiary hearing.

> Notwithstanding this legislative mandate, it is well settled that a petitioner does not establish his right to a hearing by the simple expedient of filing a petition. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.

*Id.* at 520–21. In this case, it is clear from the record that the assistance of Vick's counsel met the constitutional standard in that he was reasonably likely to render and rendered reasonably effective assistance. *See, e.g., id.*

■ As to Vick's first claim, the record establishes that, although Pitts pled guilty late in the week before trial, Pitts subsequently disappeared and was never called to testify. Indeed, according to the brief of the United States, Pitts is still a federal fugitive. Thus, Hulslander's alleged inability to prepare an effective cross-examination of Pitts could not have affected the assistance he rendered at trial. The record also demonstrates that Vick's second claim—that his counsel was unable adequately to prepare a cross-examination for Kapetanis—is without merit. As the transcript of the proceedings on the motion for

a continuance reflects, Hulslander stated that he received the information regarding Kapetanis and his prior record by phone during the week preceding trial, even though he did not actually receive the "rap sheet" until the day of trial. In addition, the district judge who decided the section 2255 claim presided over the trial in this case, and, from the record, was clearly justified in concluding that Hulslander adequately and vigorously cross-examined Kapetanis. Vick's third and fourth contentions are also without merit. As we stated in *Griffin,* claims of ineffective assistance cannot be based upon "unsupported generalizations." 588 F.2d at 521. Vick has not offered to prove prejudice resulting from Hulslander's absence for one week during the pretrial period except that he was "generally" unprepared. And we are familiar with no case holding that telephone conversations between the defendant and his attorney are not an adequate means of communication; indeed, the record demonstrates that, although Vick and Hulslander resided in different cities, they had more than a month in which to meet and confer prior to the trial. There is obviously no merit in these contentions.

The judgment of the district court is AFFIRMED.