No. 90–552.   DIAZ-ALBERTINI *v.* UNITED STATES.   C. A. 10th Cir.   Certiorari granted, judgment vacated, and case remanded for further consideration in light of the position presently asserted by the Solicitor General in his brief for the United States filed December 12, 1990, and asserted in his brief for the United States filed February 27, 1990, in No. 89–1040, *Chappell* v. *United States,* 494 U. S. 1075 (1990).

CHIEF JUSTICE REHNQUIST, with whom JUSTICE SCALIA and JUSTICE KENNEDY join, dissenting.

The Court vacates the judgment of the Court of Appeals for the Tenth Circuit and remands for "further consideration in light of the position presently asserted by the Solicitor General in his brief for the United States filed December 12, 1990, and asserted in his brief for the United States filed February 27, 1990, in No. 89–1040, *Chappell* v. *United States.*"   The Solicitor General, however, has taken the position that the judgment and reasoning of the Court of Appeals were correct and that certiorari should be denied.   The Court's disposition fails to provide the Court of Appeals with any useful guidance on remand, leaving that court with the task of spending scarce judicial resources trying to divine what we mean.   I therefore dissent.

Petitioner filed a motion under 28 U. S. C. § 2255 seeking to vacate a sentence previously imposed on the ground that he had been denied effective assistance of counsel by his trial counsel's failure to raise a juror-bias claim until after the trial.

The Court of Appeals affirmed the District Court's denial of relief, holding that petitioner was procedurally barred from raising

his claim of ineffective assistance of trial counsel on collateral attack. App. to Pet. for Cert. A1–A6. The court reasoned that the claim should have been raised on direct appeal because petitioner was represented by new counsel on direct appeal and because appellate counsel had "all the information available to him necessary to frame a claim of ineffective assistance of counsel." *Id.*, at A5. Because petitioner had not shown "cause" for his failure to raise the issue on direct appeal, the court concluded that he was barred from raising it under § 2255.

Petitioner then filed a petition for rehearing, arguing that the panel should reconsider its decision in light of this Court's disposition of the certiorari petition in *Chappell* v. *United States*, 494 U. S. 1075 (1990). In *Chappell,* the United States Court of Appeals for the Seventh Circuit had held that the defendant was barred from raising a claim of ineffective assistance of trial counsel in a § 2255 motion because he had been represented by new counsel on direct appeal and therefore could have raised the claim at that time. *Chappell* v. *United States,* 878 F. 2d 384 (1989) (judgt. order). In response to the petition for certiorari, the Solicitor General submitted a brief on behalf of the United States which stated that it was the position of the United States that claims of ineffective assistance of counsel ordinarily should be raised for the first time on collateral attack under § 2255 rather than on direct appeal. The Solicitor General further stated that where claims of ineffective assistance of trial counsel are to be raised in a § 2255 motion, a failure to raise such a claim should not constitute procedural default. The Court granted the petition for certiorari in *Chappell,* vacated the judgment of the Court of Appeals, and remanded to that court for further consideration in light of the position taken by the United States in its brief.

In this case, the Court of Appeals denied the petition for rehearing without requesting a response from the United States. Petitioner then filed a petition for certiorari, arguing that we should grant the petition, vacate the judgment of the Tenth Circuit, and remand for further consideration in light of the position taken by the United States in *Chappell.* However, in his brief for the United States in opposition, the Solicitor General recommended that the Court *deny* the petition. The Solicitor General asserted that this case was distinguishable from *Chappell* because "[h]ere, a hearing was held in the district court, in connection with petitioner's motion for a new trial, on the circumstances surround-

ing the actions of trial counsel that form the basis for petitioner's ineffective assistance of counsel claim, and the record therefore would have enabled petitioner's new counsel to raise the issue on direct appeal." Brief in Opposition 9. The Solicitor General concluded that "[b]ecause the record that was developed in the district court apparently would have been adequate for the court of appeals to address the ineffective assistance of trial counsel claim if petitioner had raised it on direct appeal, and because there was no impediment to petitioner's doing so (since he was represented by new counsel on appeal), the holding by the court below that petitioner is barred from raising his Sixth Amendment claim on collateral attack in the particular circumstances of this case is neither unreasonable nor unfair." *Id.*, at 13.

I have previously questioned the wisdom of automatically vacating a Court of Appeals judgment favorable to the Government when the Solicitor General confesses error in this Court, see *Mariscal* v. *United States*, 449 U. S. 405, 406 (1981) (REHNQUIST, J., dissenting), or of vacating a Court of Appeals' judgment in favor of the Government when the Solicitor General concedes that the analysis of the Court of Appeals may have been wrong but considers the result correct. See *Alvarado* v. *United States*, 497 U. S. 543, 545 (1990) (REHNQUIST, C. J., dissenting). Today the Court carries these unfortunate practices to new lengths: The Solicitor General has neither confessed error nor questioned the reasoning of the court below, but instead has taken the position that the reasoning and judgment of the Court of Appeals were correct and that certiorari should be denied.

I am at a loss to understand what purpose is served by the Court's decision today. If the Court means what it says, it will have wasted the time of the litigants in the Court of Appeals; the Solicitor General takes the position that this case is distinguishable from *Chappell* and that the judgment of the Court of Appeals was therefore correct. If the Court means something else, it should say so expressly, rather than leaving it to judges who are just as busy as we are to do what can best be described as read tea leaves.