Andrew **STEPHENS**, Petitioner,

v.

**UNITED STATES of America, Respondent.**

Nos. Civ.A. 1:97CV2298–HLM, Civ.A. 1:97CV0103–HLM, Crim.A. 1:92–CR–093–01.

United States District Court,
N.D. Georgia,
Atlanta Division.

April 22, 1998.

Andrew Stephens, pro se.

F. Gentry Shelnutt, Jr., Katherine B. Monahan, Atlanta, GA, for Respondent.

*ORDER*

HAROLD L. MURPHY, District Judge.

This case is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C.A. § 2255[85].

## I. Background

In September 1991, law enforcement agents arrested William Cross, Jr., on narcotics charges. (Trial Tr. Vol. 4, at 39–40.) Cross agreed to cooperate with Drug Enforcement Agency ("DEA") agents and began supplying them with information regarding Petitioner, whom Cross identified as a cocaine trafficker. (*Id.* at 39–42.) During the next three months, Cross notified DEA agents before he met with Petitioner, allowing DEA agents to observe Petitioner delivering large amounts of cash to Cross. (*Id.* at 43–87.) According to Cross, the payments were in return for kilograms of cocaine that Cross had "fronted" to Petitioner. (*Id.*)

Cross also told DEA agents that a cocaine transaction involving Petitioner and distributors in Miami had been scheduled to occur in late December 1991. (*Id.* at 73–75.) Petitioner did not travel to Miami; instead, Petitioner agreed that Cross and co-Defendant Freddie Richardson would travel to Miami, where they purchased eight kilograms of cocaine. (*Id.* at 75–78.) Cross telephoned the DEA agents while driving back from Miami, and the agents intercepted the vehicle and seized all eight kilograms of cocaine. (*Id.* at 78–82.)

On March 18, 1992, a grand jury sitting in the Northern District of Georgia returned an indictment charging Petitioner with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C.A. § 846 (1981), and with two counts of possession with intent to distribute cocaine in violation of 21 U.S.C.A. § 841 (1981). (Indictment Dated March 18, 1992.) The two possession counts were based on grand jury testimony that Petitioner purchased 25 and 40 kilograms of cocaine from Cross in July 1991 and August 1991, respectively. (Trial Tr. Vol. 5, at 188–95.)

Later that month, Cross telephoned DEA agents and advised them that he and Petitioner had scheduled a meeting to discuss another cocaine transaction. (*Id.* at 86–88.) The DEA agents obtained a warrant for Petitioner's arrest, and arranged to videotape and tape record the meeting between Cross and Petitioner. (*Id.* at 91.) On March 26, 1992, Cross and Petitioner met at a Shoney's restaurant and negotiated a purchase of five kilograms of cocaine. (*Id.* at 89–90.) The DEA agents arrested Petitioner and subsequently performed a search of Petitioner's car. (*Id.* at 90–91.) The agents seized two handguns from Petitioner's car. (*Id.*)

On April 21, 1992, the grand jury returned a superseding indictment that added a count of attempted possession with intent to distribute cocaine in violation of § 841. (Superseding Indictment Dated April 21, 1992.) The attempted possession count was based on the March 1992 negotiations described above. (*Id.*)

Petitioner's trial commenced on November 16, 1992. (Trial Tr. Vol. 4, at 2.) During the trial, the Court granted a request by Petitioner's counsel to exclude the handguns seized from Petitioner's car, based primarily on the fact that the risk of prejudice to Petitioner outweighed the probative value of the evidence. (Trial Tr. Vol. 5, at 361–62.) On November 19, 1992, a jury returned guilty verdicts on all four counts. (Trial Tr. Vol. 6, at 527.) On January 13, 1993, the Court sentenced Petitioner to 235 months of imprisonment on each count, to be served concurrently. (Sentencing Tr. at 20.)

Petitioner filed a direct appeal of his conviction in which he argued that he received ineffective assistance of counsel at trial because counsel: (1) failed to amend a motion to suppress; (2) failed to use the entrapment defense; and (3) failed to call a witness. *United States v. Stephens,* No. 93–8084, slip op. at 1–3, 1994 WL 245916 (11th Cir. May 16, 1994) (per curiam) (unpublished). The Circuit Court affirmed Petitioner's conviction, stating that Petitioner must raise his claims of ineffective assistance of counsel on collateral, rather than direct, review. *Id.* at 3.

On January 10, 1997, Petitioner filed the instant § 2255 Motion. Petitioner raises two claims[1] in the Motion: (1) the conspiracy conviction is contrary to law because Petitioner was convicted of conspiring with a Government agent; and (2) Petitioner re-

---

1. Petitioner numbered these claims differently in his § 2255 Motion. The Court has consolidated and renumbered the claims in an effort to ad-

dress the claims individually and without repetition.

ceived ineffective assistance of counsel when his attorney: (a) failed to file a brief in support of a pretrial motion to suppress, and failed to amend the motion; (b) failed to request a jury charge for entrapment; (c) failed to call or subpoena a witness; (d) failed to argue on appeal that insufficient evidence existed to support Petitioner's convictions; and (e) raised improper issues on appeal instead of other, more meritorious issues.

## II. Petitioner's Request for Discovery

Rule 6 of the Rules Governing § 2255 Proceedings provides that a § 2255 petitioner must demonstrate good cause in order to obtain discovery. Rules Governing § 2255 Proceedings, Rule 6. Petitioner does not specify any reason why he needs the Government to respond to interrogatories or requests for admissions, or why he needs to depose any witnesses. Petitioner's request for discovery therefore is denied.

## III. Discussion

### A. Whether Petitioner's Motion Is Barred by the Limitations Period Created by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA")

Prior to the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996), prisoners "had almost unfettered discretion in deciding when to file a federal habeas petition." *Calderon v. United States District Court for the Central District of California*, 128 F.3d 1283, 1286 (9th Cir. 1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998). Even delays of more than a decade did not necessarily bar a prisoner from seeking relief. *E.g., Lonchar v. Thomas*, 517 U.S. 314, 116 S.Ct. 1293, 1295, 134 L.Ed.2d 440 (1996). The AEDPA dramatically changed this landscape by reducing the time for filing a federal habeas petition to one year. 28 U.S.C.A. § 2255.

The revised form of the statute creates a one-year period of limitations for § 2255 mo-

tions, running from the latest of: (1) the date on which a defendant's conviction becomes final; (2) the date on which a Government-created impediment to filing a § 2255 motion is removed; (3) the date on which the right asserted in the motion is first recognized by the Supreme Court and made applicable retroactively to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented in the § 2255 motion were discovered, or could have been discovered by the petitioner through the exercise of due diligence. § 2255.

■ Four circuit courts of appeal have concluded that the one-year limitations period does not begin to run prior to the AEDPA's effective date, and thus is equitably tolled until that date. *Burns v. Morton*, 134 F.3d 109, 111–12 (3d Cir.1998) (§ 2254 one-year limitations period); *United States v. Simmonds*, 111 F.3d 737, 745 (10th Cir.1997); *Calderon*, 128 F.3d at 1286; *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir.1996), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *see also Martinez v. Detella*, No. 97–c–3319, 1997 WL 667780, at *3 (N.D.Ill. Oct.20, 1997) (collecting cases and observing an "emerging majority rule" in favor of allowing a one-year grace period) (unpublished). Although the Eleventh Circuit has not weighed in on this issue, the Court agrees with the reasoning of the Third, Seventh, Ninth, and Tenth Circuits.

The Court therefore concludes that the one-year limitations period is tolled until April 23, 1997—one year from the date of the AEDPA's enactment. Because Petitioner filed the instant Motion on January 10, 1997, the Motion is not barred by § 2255's limitations period.

### B. Petitioner's Claim that the Conspiracy Conviction Is Contrary to Law

Petitioner first claims that his conspiracy conviction is contrary to law because Petitioner was convicted of conspiring with a Government agent.[2]

---

**2.** Petitioner also extends this argument to his conviction for attempted possession with intent to distribute under § 841. (Pet'r's Mem. of Law in Supp. of § 2255 Motion at 19–21.) The legal status of a Government co-conspirator, however,

has no relevance to a conviction for attempted possession; Petitioner's arguments with respect to this conviction therefore are addressed in Part III.D.4. of this Order, which deals with Petitioner's insufficiency of the evidence claim.

■ Petitioner raises this claim for the first time on collateral review. If a challenge to a conviction is available to be advanced on direct appeal and a defendant fails to do so, the claim is considered procedurally defaulted in a § 2255 proceeding. *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir.1994). A ground of error is "available" to be advanced on direct appeal when "its merits can be reviewed without further factual development." *Id.* The merits of Petitioner's claim regarding his conspiracy conviction can be reviewed without factual development beyond the trial record. The claim thus was available to be raised on direct review as defined in *Mills*.

■ Absent a showing that the claim was unavailable, the Court may not consider the claim unless Petitioner establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error. *United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Mills*, 36 F.3d at 1055. Alternatively, the ground of error may fit within the "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986):

> [I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.

477 U.S. at 496, 106 S.Ct. 2639; *Reece v. United States*, 119 F.3d 1462, 1465 n .5 (11th Cir.1997).

■ Petitioner claims that he is "actually innocent" of the conspiracy conviction, thus falling within the narrow exception to the cause and prejudice requirements identified in *Murray*. Petitioner's claim nonetheless is easily resolved on the merits. Although the agreement between Petitioner and confidential informant William Cross, Jr. cannot form the basis of Petitioner's conspiracy conviction, *United States v. Wright*, 63 F.3d 1067, 1072 (11th Cir.1995) (defendant cannot be convicted of conspiring with confidential informant), other evidence adduced at trial supports a finding that Petitioner conspired with co-Defendant Freddie Richardson to purchase 10 kilograms of cocaine from a sup-

plier in Miami and transport it back to Atlanta. (Trial Tr. Vol. 5, at 240–43 .) This evidence is sufficient to support Petitioner's conspiracy conviction—even though Richardson was acquitted of the conspiracy charge at trial. *Wright*, 63 F.3d at 1072–73 (quoting *United States v. Andrews*, 850 F.2d 1557 (11th Cir.1988) (en banc)).

For these reasons, the Court concludes that Petitioner's claim fails on the merits, and Petitioner therefore is not entitled to § 2255 relief with respect to this claim.

**C. Procedural Issues Raised by Petitioner's Ineffective Assistance of Counsel Claim**

Petitioner next claims that, for five reasons, he received ineffective assistance of counsel at trial and on direct appeal. Petitioner raised several of the grounds underlying this claim on direct appeal, but the circuit court refused to consider the claim until Petitioner first raised it on collateral review. *Stephens*, No. 93–8084, slip op. at 3, 1994 WL 245916. The Court therefore must determine how Petitioner's claim fares in light of the procedural rules governing § 2255 claims that were, and were not, raised on direct appeal.

**1. Grounds Raised on Direct Appeal**

■ As discussed above, Petitioner raised three of the grounds underlying his ineffective assistance of counsel claim on direct appeal. In most cases, prior disposition of a ground of error on direct appeal precludes further review in a subsequent collateral proceeding. *Mills*, 36 F.3d at 1056. Here, however, the circuit court expressly declined to consider the grounds raised by Petitioner on direct appeal. *Stephens*, No. 93–8084, slip op. at 3. One cannot conclude that there has been a "disposition" of these grounds; indeed, the circuit court expressly rejected the grounds without prejudice to Petitioner's right to raise them in these § 2255 proceedings. *Id.* The Court therefore concludes that the Court is not procedurally barred from considering these grounds on the merits.

### 2. Grounds Not Raised on Direct Appeal

In addition to the grounds raised on direct appeal, Petitioner has added several new grounds in support of his ineffective assistance of counsel claim. As discussed above, a ground that is available to be advanced on direct appeal is procedurally defaulted if the defendant fails to do so. *Mills,* 36 F.3d at 1056. The Eleventh Circuit, however, usually refuses to consider claims of ineffective assistance of counsel on direct appeal because of the necessity to develop a factual record before resolving the claim. *See Stephens,* No. 93–8084, slip op. at 2 (collecting cases). The grounds not raised by Petitioner on direct appeal therefore would not be "available" for direct review as defined in *Mills,* and should not be procedurally defaulted for purposes of collateral review. *Cross v. United States,* 893 F.2d 1287, 1289 (11th Cir.1990) (petitioner need not show cause and prejudice for failing to raise ineffective assistance of counsel claim on direct appeal).[3]

The analysis of this issue, however, is not as straightforward as described in the preceding paragraph. Under Eleventh Circuit law, a limited number of ineffective assistance of counsel claims are appropriate for disposition on direct review. *E.g., United States v. Andrews,* 953 F.2d 1312, 1327 (11th Cir.1992) (claims of ineffective assistance may be considered on direct appeal where there is sufficient evidence on the record to resolve the issue); *United States v. Hamblin,* 911 F.2d 551, 556 (11th Cir.1990) ("the instant case is somewhat unusual because [a colloquy between the defendant, his attorney, and the court at trial] provides us with an adequate record for purposes of review"); *but see United States v. Griffin,* 699 F.2d 1102, 1108 (11th Cir.1983) (observing "clear and unequivocal" rule in this circuit that ineffective assistance of counsel claim may not be raised on direct appeal, and that a contrary rule in other circuits has created "disarray" and has not "served well the judicial process"). Under these circumstances, one might argue that an ineffective assistance of counsel claim that is appropriate for

direct review will be procedurally defaulted for § 2255 purposes if the petitioner failed to raise the claim on direct appeal. The Seventh Circuit has adopted such a rule. *Guinan v. United States,* 6 F.3d 468, 472 (7th Cir.1993).

Other courts reject the rule adopted in *Guinan* as inefficient, because the rule requires courts and attorneys to spend an oppressive amount of time assessing whether an ineffective assistance of counsel claim falls within the handful of claims that are appropriate for resolution on direct appeal. *United States v. Galloway,* 56 F.3d 1239, 1240–41 (10th Cir.1995); *United States v. DeRewal,* 10 F.3d 100, 103–04 (3d Cir.1993). In *Galloway,* the court observed that allowing an ineffective assistance of counsel claim to be procedurally defaulted would effectively force attorneys to raise such claims on direct appeal in order to avoid defaulting them. 56 F.3d at 1241. Only a "slight chance" existed, however, that the circuit court would consider an ineffective assistance of counsel claim on direct appeal. *Id.* Thus, following that procedure "unnecessarily burdens both the parties and the court with a presentation and review leading only to dismissal for reassertion in a [§ 2255 motion]." *Id.; see also DeRewal,* 10 F.3d at 104 n. 2 ("We believe that [the rule adopted in *Guinan* ] would lead to unnecessary confusion and a proliferation of litigation regarding alleged procedural defaults."). Both the *Galloway* and *DeRewal* courts therefore held that the procedural bar for claims defaulted on direct appeal does not apply to claims of ineffective assistance of counsel. *Galloway,* 56 F.3d at 1241; *DeRewal,* 10 F.3d at 104; *see also* James S. Liebman & Randy Hertz, 2 Federal Habeas Corpus Practice and Procedure § 41.4a, at 1197–98 (2d ed. 1994) ("By definition, this procedural bar is inapplicable to claims that could not have been raised on direct appeal, such as ineffective assistance of counsel . . . .").

The Supreme Court favors the positions taken in *Galloway* and *DeRewal.* The Court has vacated three circuit decisions that required a § 2255 petitioner to show cause and prejudice for failing to raise an ineffective assistance of counsel claim on direct appeal;

---

**3.** Interestingly, *Cross* involved the case of William Cross, Sr., the father of the confidential informant in this case.

each time, the Court cited briefs by the Solicitor General arguing that the cause and prejudice tests should not be applied to ineffective assistance of counsel claims. *Billy–Eko v. United States,* 509 U.S. 901, 901, 113 S.Ct. 2989, 125 L.Ed.2d 685 (1993) (vacating Second Circuit opinion); *Chappell v. United States,* 494 U.S. 1075, 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990) (vacating Seventh Circuit opinion); *Diaz–Albertini v. United States,* 498 U.S. 1061, 1061, 111 S.Ct. 776, 112 L.Ed.2d 839 (1991) (vacating Tenth Circuit opinion).

Finally, a well-reasoned dissent authored by Judge Easterbrook in *Guinan* summarizes the incentives that the rule adopted in *Guinan* will create when lawyers realize that the cause and prejudice tests will be applied to ineffective assistance of counsel claims defaulted on direct appeal:

> Lawyers who do not raise ineffective-assistance claims on direct appeal [will] create a risk that the court will deem the contention forfeited. . . . Litigants and judges will . . . have to devote their scarce time to working through the complex of rules that permit this adjudication. I would take Occam's Razor and slice off the wasted motion.

6 F.3d at 476 (Easterbrook, J. dissenting).

The Eleventh Circuit has not squarely addressed this issue. A recent opinion, however, can be interpreted as applying the cause and actual prejudice requirements to an ineffective assistance of counsel claim not raised on direct appeal. *Reece v. U.S.,* 119 F.3d 1462, 1466–67 (11th Cir.1997). In *Reece,* the petitioner claimed that: (1) the court based its sentence on the wrong type of methamphetamine; and (2) his trial attorney rendered ineffective assistance of counsel for failing to raise the same claim during the sentencing hearing. *Id.* at 1464.

The *Reece* court found the first claim to be procedurally defaulted under *Frady. Id.* at 1465. The court's disposition of the ineffective assistance of counsel claim is less clear. The court appears at one point to abstain from applying *Frady's* cause and actual prejudice requirements for procedurally defaulted claims, thus reaching the claim on the merits. *Id.* at 1467 ("The question thus becomes whether[, assuming that counsel's performance was deficient, the alleged error] . . . would satisfy the . . . prejudice prong [of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ].").[4] At the same time, the court frames its analysis around a determination whether the petitioner suffered actual prejudice under *Frady,* thus assessing the procedural validity of the claim.[5] *Id.* at 1468 (applying the "actual prejudice" standard for procedurally defaulted claims).

With all due respect, this Court cannot discern whether the *Reece* court intended to reach the ineffective assistance of counsel claim on the merits under *Strickland,* or to apply the cause and prejudice requirements of *Frady.* This distinction is important, because the tests for performance and prejudice under *Strickland* are different than the tests for cause and actual prejudice for procedurally defaulted claims under *Frady.* Cf. *Jackson v. Herring,* 42 F.3d 1350, 1361 (11th Cir.1995) ("the prejudice prong of *Strickland* is not co-terminous with the more general prejudice requirement of [*Frady* ]").

The Court believes that it can avoid resolving this question, because *Reece* does not hold expressly that the cause and prejudice requirements of *Frady* must be applied to ineffective assistance of counsel claims not raised on direct appeal. In the face of the Supreme Court decisions in *Billy–Eko,*

---

**4.** As discussed below, claims of ineffective assistance of counsel require a court to assess the performance of the claimant's counsel, and whether the claimant suffered prejudice as a result of the error. *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**5.** This Court has applied the cause and actual prejudice tests for procedurally defaulted claims to independent ineffective assistance of counsel claims. *Spivey v. United States,* No. 4:96–CV–

093–HLM, 1996 WL 735568, at *7 (N.D.Ga. Nov.4, 1996); *Jones v. United States,* No. 4:95–CV–0394–HLM, 1996 WL 735573, at *6 (N.D.Ga. Sept.27, 1996). The Court now believes that these cases misstate the law in that respect. This decision does not alter the outcomes in *Spivey* and *Jones,* however, because those cases concluded that the petitioners' claims failed as a matter of law. Such a finding necessarily precludes a finding of prejudice under either the *Strickland* or *Frady* tests.

*Chappell,* and *Diaz–Albertini,* the Court is compelled to follow the procedure endorsed by these cases. *See Jones v. White,* 992 F.2d 1548, 1566 (11th Cir.1993) (dicta from circuit court is not authority for district courts to circumvent Supreme Court mandates).

■ For these reasons, the Court will follow *Billy–Eko, Chappell,* and *Diaz–Albertini,* and will adopt the reasoning set forth in *Galloway, DeRewal,* and Judge Easterbrook's dissent in *Guinan.* The Court holds that, because the Eleventh Circuit likely would not have considered the newly raised grounds underlying Petitioner's ineffective assistance of counsel claim if raised on direct appeal, Petitioner need not show cause and actual prejudice for failing to raise the claim on direct appeal.

### D. Consideration of Petitioner's Ineffective Assistance of Counsel Claim on the Merits

As discussed above, Petitioner argues that his trial and appellate counsel rendered constitutionally deficient assistance in five ways. Petitioner argues that counsel: (a) failed to file a brief in support of a pretrial motion to suppress and failed to amend the motion; (b) failed to request a jury charge for entrapment; (c) failed to call or subpoena a witness; (d) failed to argue on appeal that insufficient evidence existed to support Petitioner's convictions; and (e) raised improper issues on appeal instead of other, more meritorious issues.

In order to establish that his attorney was ineffective, Petitioner must show that his attorney's performance was deficient and that the deficiency was prejudicial. *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Under the performance prong of the *Strickland* test, Petitioner must:

> prov[e] that his counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential.

*Mills v. Singletary,* 63 F.3d 999, 1020 (11th Cir.1995) (quoting *Kimmelman v. Morrison,* 477 U.S. 365, 381, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986)).

■ To satisfy the prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Waldrop v. Jones,* 77 F.3d 1308, 1312 (11th Cir. 1996) (quoting *Mills v. Singletary,* 63 F.3d 999, 1020 (11th Cir.1995)), *cert. denied sub. nom. Waldrop v. Hopper,* —— U.S. ——, 117 S.Ct. 247, 136 L.Ed.2d 175 (1996).[6]

### 1. Counsel's Failure to File a Brief in Support of a Motion to Suppress, and Failure to Amend the Motion

Petitioner first claims that his attorney failed to file a brief in support of a pretrial

---

**6.** A recent Supreme Court case articulated the standard somewhat differently. In *Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993), the Court held that the prejudice prong requires a petitioner to show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." 506 U.S. at 369, 113 S.Ct. 838 (quoting *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052). Stated another way,

> An *analysis focusing solely on mere outcome determination,* without attention to whether the result of the proceeding was fundamentally unfair or unreliable, *is defective.* To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him.

*Lockhart,* 506 U.S. at 369–70, 113 S.Ct. 838 (emphasis added); *see also Carey v. United States,* 50 F.3d 1097, 1101 (1st Cir.1995) ("Prejudice incorporates more than outcome determination; we also must determine whether the result of the proceeding was fundamentally unfair or unreliable.") (internal quotation omitted); *Bunkley v. Meachum,* 68 F.3d 1518, 1522 (2d Cir.1995) ("The likelihood of a different outcome of the proceeding in question is not, without further analysis, dispositive in all situations."); *Goodwin v. Johnson,* 132 F.3d 162, 174 (5th Cir.1997) (same); *Groseclose v. Bell,* 130 F.3d 1161, 1172 (6th Cir.1997) (same) (Suhrheinrich, J., dissenting); *Holman v. Page,* 95 F.3d 481, 491 (7th Cir.1996) ("Suppressing reliable evidence can undoubtedly have an impact on the outcome of a trial ... [b]ut that is not 'prejudice' as the Strickland test employs the term.").

motion to suppress evidence and to amend the motion when the grounds underlying the motion changed. Petitioner's attorney filed the motion to suppress in order to preserve any issues that may have developed regarding the post-arrest search of Petitioner's vehicle. (Magistrate's Report & Recommendation Dated Oct. 20, 1992; Tr. of Suppression Hr'g at 3–4.) Petitioner's attorney later acknowledged during a pretrial suppression hearing that, when he filed the motion, he was unaware that the search had been performed after Petitioner's arrest, and that the arrest had occurred pursuant to an arrest warrant. (*Id.*) Petitioner's attorney thereafter abandoned any challenges to the legality of the search.

For the reasons discussed below, the Court concludes that Petitioner cannot establish prejudice under *Strickland* with respect to this alleged error. The Court therefore need not address the performance prong of *Strickland*. *See Reece*, 119 F.3d at 1464 n. 4; *Cross*, 893 F.2d at 1290.

■■■■ A determination whether Petitioner suffered prejudice "is necessarily dependent on a review of the merits" of the underlying claim. *Cross*, 893 F.2d at 1290. Here, the law was clearly established that a law enforcement officer may perform a custodial search of a vehicle following a lawful arrest. *New York v. Belton*, 453 U.S. 454, 460–61, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); *United States v. Gonzalez*, 71 F.3d 819, 825–26 (11th Cir.1996). Thus, the search of Petitioner's vehicle after his arrest was valid, and the evidence would not have been suppressed on this ground even if Petitioner's counsel had filed a brief or amended the brief. The Court therefore concludes that the result of the proceedings would not have differed in any respect even if Petitioner's counsel had filed a brief or amended the motion to suppress. *Waldrop*, 77 F.3d at 1312.

The Court also notes that Petitioner's counsel convinced the Court during trial to exclude the handguns because of their high prejudicial value. (Trial Tr. Vol. 5, at 361–62.) Consequently, the handguns that formed the basis of the suppression motion never were admitted into evidence notwithstanding the court's denial of the motion to suppress. (*Id.*)

For these reasons, Petitioner cannot establish that he suffered prejudice under *Strickland* and is not entitled to § 2255 relief with respect to this ground.

**2. Counsel's Failure to Request a Jury Charge for Entrapment**

Petitioner next claims that his counsel rendered ineffective assistance by failing to request a jury instruction on entrapment.

■■■■ "A decision not to investigate a potential defense, like other litigation decisions, need only be reasonable to fall within the range of professionally competent assistance." *Rogers v. Zant*, 13 F.3d 384, 386–87 (11th Cir.1994). Here, the Court believes counsel's decision not to pursue an entrapment defense was soundly reasoned in light of Petitioner's testimony that he was not involved in any drug trafficking whatsoever. For example, Petitioner testified at trial that he did not buy any cocaine from William Cross, Jr., and that the money he paid to Cross was in return for cars that he purchased from Cross' father. (Trial Tr. Vol. 6, at 386–89.) Petitioner also testified that the tape recordings of his conversations with Cross reflected negotiations for health foods, including "lemon mix." (*Id.* at 401.) Petitioner finally testified that the trip to Miami was intended to pick up a car that Petitioner was to "clean up" for Cross, not to purchase drugs. (*Id.* at 393–96.) Given this testimony, a reasonable attorney would have avoided an entrapment defense in the hopes of bolstering the credibility of the defendant's testimony. The Court therefore concludes that Petitioner has not satisfied the performance prong of *Strickland* with respect to this claim.

■■■■ The Court further notes that entrapment is an affirmative defense, ordinarily requiring admission that one engaged in the alleged acts. *United States v. Blanton*, 793 F.2d 1553, 1564 (11th Cir.1986). The sole exception to this rule arises when the Government injects substantial evidence of entrapment into the case. *United States v. Greenfield*, 554 F.2d 179, 182 (5th Cir.1977). This case did not feature such evidence, as all negotiations between Petitioner and the confidential informant occurred without any

assistance or encouragement from the Government. The Court therefore would have denied any request for an entrapment instruction, foreclosing Petitioner's ability to establish prejudice under *Strickland* with respect to this claim.

In sum, Petitioner fails both the performance and prejudice prongs of *Strickland* and is not eligible for § 2255 relief with respect to this claim.

### 3. Counsel's Failure to Call or Subpoena Witnesses

Petitioner next claims that his trial counsel was ineffective for failing to call or subpoena Michelle Jeffries, who would have testified that Petitioner had not met Cross until September 18, 1991. Petitioner argues that Ms. Jeffries' testimony would have contradicted Cross's testimony concerning drug transactions prior to September 1991 and impeached Cross's credibility. Petitioner also argues that counsel failed to interview Ms. Jeffries prior to trial even though Petitioner informed counsel about her testimony.

For the reasons set forth below, the Court concludes that Petitioner cannot establish prejudice under *Strickland* with respect to this alleged error, and therefore need not address the performance prong. *See Reece*, 119 F.3d at 1464 n. 4; *Cross*, 893 F.2d at 1290.

A determination whether Petitioner suffered prejudice "is necessarily dependent on a review of the merits" of the underlying claim. *Cross*, 893 F.2d at 1290. Here, the probative value of Ms. Jeffries's testimony is altogether minimal. Petitioner testified that he met Cross in August 1991. (Trial Tr. Vol. 6, at 382.) Ms. Jeffries's purported testimony, on the other hand, states that Petitioner and Cross were introduced on September 18, 1991. (Pet'r's Br. in Supp. of § 2255 Motion Ex. 11, at 2.) Thus, it is a debatable issue whether Ms. Jeffries's testimony would corroborate Petitioner's testimony or actually impeach it. At any rate, the Court believes that Ms. Jeffries's purported testimony would have had little success in countering the substantial evidence of guilt introduced at Petitioner's trial, including recorded conversations between Petitioner and Cross in

which they discussed drug transactions. (*E.g.*, Trial Tr. Vol. 6, at 392–417.)

For these reasons, the Court cannot conclude that, had Ms. Jeffries testified, a reasonable possibility exists that the result of the proceeding would have been different. Nor is the Court's confidence in the outcome undermined. *Waldrop*, 77 F.3d at 1312. Petitioner thus cannot establish prejudice under *Strickland* and is not entitled to § 2255 relief with respect to this ground.

### 4. Counsel's Failure to Argue that Insufficient Evidence Existed to Support Petitioner's Convictions

Petitioner argues throughout his § 2255 Motion and a voluminous supporting Brief that insufficient evidence exists to support his convictions, and that his appellate counsel rendered ineffective assistance by failing to present this argument to the circuit court on direct appeal.

For the reasons set forth below, the Court concludes that Petitioner cannot establish prejudice under *Strickland* with respect to this alleged error, and therefore need not address the performance prong. *See Reece*, 119 F.3d at 1464 n. 4; *Cross*, 893 F.2d at 1290.

A determination whether Petitioner suffered prejudice "is necessarily dependent on a review of the merits" of the underlying claim. *Cross*, 893 F.2d at 1290. "The relevant question for a reviewing court, in judging the sufficiency of the evidence, is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Suba*, 132 F.3d 662, 671 (11th Cir.1998) (quoting *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). The Court will consider each of Petitioner's convictions in turn.

"To convict a defendant for conspiracy under 21 U.S.C. § 846, the evidence must show (1) that a conspiracy existed, (2) that the defendant knew of it, and (3) that the defendant, with knowledge, voluntarily joined." *United States v. Perez–Tosta*, 36 F.3d 1552, 1557 (11th Cir.1994). "Guilt may

exist even when the defendant plays only a minor role and does not know all the details of the conspiracy." *Id.* Here, the record contains direct evidence that Petitioner conspired with co-Defendant Freddie Richardson to purchase cocaine from a distributor in Miami. (Trial Tr. Vol. 5, at 240–43.) This evidence is sufficient to support Petitioner's conspiracy conviction under § 846.

■■■ Proof of possession of drugs with intent to distribute under 21 U.S.C.A. § 841 requires the Government to show that a defendant knowingly possessed drugs either actually or constructively, and that he intended to distribute them. *United States v. Alvarez,* 837 F.2d 1024, 1027 (11th Cir.1988). Evidence adduced at trial demonstrates that Petitioner knowingly purchased 25 and 40 kilograms of cocaine from Cross in July 1991 and August 1991, respectively. (Tr. Vol. 5, at 188–95.) This evidence is sufficient to support Petitioner's convictions under § 841.

■■■ Finally, a conviction for attempted possession with intent to distribute cocaine under 21 U.S.C.A. § 846 requires the Government to prove that a defendant acted with specific intent to possess cocaine with the intent to distribute the cocaine, and took a substantial step toward possessing the cocaine. *United States v. Forbrich,* 758 F.2d 555, 557 (11th Cir.1985). Evidence adduced at trial shows that Petitioner met with Cross at a Shoney's Restaurant to negotiate the purchase of five kilograms of cocaine, and other evidence at trial shows that Petitioner distributed the cocaine he purchased from Cross. (Trial Tr. Vol. 5, at 89–90.) This evidence is sufficient to support Petitioner's conviction for attempted possession with intent to distribute under § 846.

Petitioner argues at great length that the Court cannot rely upon the evidence cited above because it is based primarily on the sworn testimony of Cross. Petitioner contends that Cross is inherently untrustworthy and his testimony is not credible. Petitioner further argues that the DEA agent who investigated his case and testified at his trial accepted Cross's statements as established facts even though the DEA agent knew that Cross was untrustworthy. The Court takes notice of Petitioner's comprehensive research on the alleged unreliability of Government informants—including citations of a learned treatise authored by Professor Alan Dershowitz and the October 15 and 16th Montel Williams Shows—but the Court is not prepared at this time to hold as a matter of law that Government informants in general, and William Cross, Jr., in particular, are so unreliable that Petitioner's convictions must be vacated.

The Court therefore concludes that Petitioner has not established prejudice under *Strickland* and is not entitled to § 2255 relief with respect to this ground.

### 5. Counsel Raised Improper Issues on Appeal Instead of Other, More Meritorious Issues

Petitioner finally argues that counsel, by raising claims of ineffective assistance of counsel on appeal, raised arguments that had no chance of prevailing. Thus, Petitioner argues, his appellate counsel effectively waived other, more meritorious arguments that could have been raised on appeal. As examples of claims that could have been raised on appeal, Petitioner points to counsel's failure to call Ms. Jeffries as a witness and insufficiency of the evidence.

The Court observes that the first claim—counsel's failure to call Ms. Jeffries—is in fact an ineffective assistance of counsel claim, which Petitioner acknowledges is inappropriately raised on direct appeal. The second claim—insufficiency of the evidence—fails on the merits, as discussed in Part III.D.4. of this Order. Consequently, even if Petitioner's appellate counsel had raised the claims identified by Petitioner, Petitioner's appeal would have been denied.

The Court therefore concludes that Petitioner has not established prejudice under *Strickland* and is not entitled to § 2255 relief with respect to this ground.

### 6. Summary

In summary, the Court concludes that Petitioner is unable to establish that his trial and appellate counsel rendered ineffective assistance under *Strickland.* Petitioner's claims therefore fail on the merits, and he is

**1334**

not eligible for § 2255 relief with respect to these claims.

### E. Petitioner's Request for an Evidentiary Hearing

As discussed in Part III.C.2. of this Order, "[i]t is the general rule in this circuit that effective assistance claims will not be addressed on direct appeal from a criminal conviction because an evidentiary hearing, available in a section 2255 proceeding is often required for development of an adequate record." *Vick v. United States,* 730 F.2d 707, 708 (11th Cir.1984) (quoting *United States v. Griffin,* 699 F.2d 1102 (11th Cir.1983)). This rule, however, "does not require that the district court hold an evidentiary hearing every time a section 2255 petitioner asserts a claim of ineffective assistance of counsel." *Id.*

> Notwithstanding this legislative mandate, it is well settled that a petitioner does not establish his right to a hearing by the simple expedient of filing a petition. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.

*Id.* (quoting *United States v. Guerra,* 588 F.2d 519, 520–21 (5th Cir.1979)).

The Court concludes that, because Petitioner's claims are affirmatively contradicted by the record and otherwise fail as a matter of law, no hearing is necessary in this case. Petitioner's request is therefore denied.

### IV. Conclusion

ACCORDINGLY, the Court **DENIES** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C.A. § 2255[85]. The Court **DIRECTS** the Clerk of Court to **CLOSE** the two civil cases that are associated with this case: 1:97–CV–0103–HLM, and 1:97–CV–2298–HLM.